## WATKINS & WILLIAMS v. SWIGGETT.

1. **Evidence:** INSUFFICIENCY OF: FINDING OF COURT. A finding of the court upon a question of fact will not be disturbed for insufficiency of evidence to support it, when the testimony is conflicting.

*Appeal from Mills District Court.*

FRIDAY, DECEMBER 10.

ACTION at law. The cause was submitted to the court without a jury, and judgment rendered for plaintiff; defendant appeals. The facts of the case sufficiently appear in the opinion.

*Stiles & Burton*, for appellant.

*Watkins & Williams*, for appellees.

BECK, J.—The petition sets up as the cause of action that defendant, then the sheriff of Wapello county, and one Collen, a constable of Mills county, received in their official capacity one hundred dollars, the money of P. T. DeVold, which they converted to their own use, and refuse to pay upon demand. Plaintiffs are the assignees of the claim of DeVold. The defendants, in their answer, put in issue the allegations of the petition. Judgment was rendered against both of the defendants. Swiggett alone appeals. · No questions of law are contested in the case, but appellant relies, for the reversal of the cause, solely upon the position that the judgment against him is not sufficiently supported by the evidence. He insists that it is not shown the money came into his hands, and that it appears whatever disposition was made of it by others was with the assent of DeVold. It cannot be denied that, upon these points, as well as upon some other questions of fact, there was a conflict of evidence, and it certainly cannot be claimed that there is such a want of proof to support plaintiffs' action as will warrant the conclusion that this judgment was the result of passion or prejudice. Under these circumstances, we cannot disturb the judgment. One item of evidence may be mentioned which strongly supports plaintiffs' claim, and doubtless had its due influence upon the decision of the cause in the District Court. It is this : Defendant was called upon by the attorney of DeVold for a large sum of money of the latter, in his hands. He rendered an account therefor, charging himself with the whole sum, and showing the disbursement of a small part; the balance he paid, excepting the one hundred dollars in controversy. For that sum he gave an order upon the other defendant, describing it as money loaned to him by the appellant. This was before the transfer of the claim to plaintiffs. The attorney to whom appellant had rendered this account is one of the plaintiffs who after-

ward bought the claim sued upon. Surely, it cannot be said that, in view of these facts, there is an absence of evidence to support the judgment of the District Court.

AFFIRMED.