MARINE NATIONAL BANK OF DULUTH *vs.* WHITEMAN PAPER MILLS *et al.*

Argued Jan. 11, 1892.  Decided March 21, 1892.

**Money not in the Custody of the Law.**—In the course of the trial of an action the defendant made a tender of money to the plaintiff, which was refused.  The defendant then placed the money in the hands of the clerk of the court, to be paid to the plaintiff if he would accept it.  The court made no order relative to the receiving or holding of the money by the clerk.  *Held,* that the conduct of the clerk in receiving and holding the money was not within the scope of his official duty, and he was liable to garnishment.

**Unentered Order did not Make it so.**—The fact that before garnishee summons was served on the clerk the defendant had procured from the

judge a written order directing the clerk to repay the money to the defendant, the order, not being filed, nor formally communicated to the clerk, was not effectual to convert the holding of the money by the clerk from a private into an official act.

Appeal by plaintiff, Marine National Bank of Duluth, from an order of the District Court of St. Louis County, *Stearns, J.,* made August 29, 1891, discharging D. J. Sinclair, garnishee.

On August 14, 1891, this action for the recovery of money was pending in the District Court for St. Louis County. Marine National Bank of Duluth was plaintiff and Alonzo J. Whiteman, R. E. Whiteman, and The Whiteman Paper Mills, a corporation, were defendants. On that day the attorney for the plaintiff made and filed in that court an affidavit stating that D. J. Sinclair had $4,800 in money in his hands belonging to the defendant Alonzo J. Whiteman. A garnishee summons was issued and personally served that day on Sinclair requiring him to appear before Hon. J. D. Ensign, a Judge of that court, September 12, 1891, and answer touching such money in his possession. A notice stating the time, place, and manner of service, and requiring the defendant Alonzo J. Whiteman to appear and take part in the examination, was served on him August 15, 1891, together with a copy of the garnishee summons.

On August 17, 1891, Alonzo J. Whiteman made affidavit and procured an order that plaintiff show cause before the District Court on August 22, 1891, why Sinclair, the garnishee, should not be discharged. On that day the parties appeared in court, and upon the affidavits submitted, the court on August 29, 1891, ordered that the garnishee be discharged. From that order the plaintiff appealed to this court. 1878 G. S. ch. 66, § 197.

The garnishee, D. J. Sinclair, was clerk of the District Court in St. Louis County. On May 4, 1891, an action was pending and on trial in that court, wherein Benjamin H. Wisdom was plaintiff and said Alonzo J. Whiteman and others were defendants. During the trial Whiteman delivered to Sinclair, the clerk, $4,800 to be paid to the plaintiff, Wisdom, whenever he would accept the same in full satisfaction of all claims made in that action, and took from the clerk a receipt of which the following is a copy:

DULUTH, May 4, 1891.

Received of A. J. Whiteman four thousand eight hundred dollars, as deposited in court, case of Wisdom vs. Whiteman et al.

$4,800.                                        D. J. SINCLAIR,

Clerk District Court.

This money was not paid into court in pursuance of any order of court, or any statutory authority. Wisdom refused to accept it, and upon a showing of the facts the court, on August 12, 1891, made an order that D. J. Sinclair, clerk, pay over and deliver the money to Whiteman. Sinclair heard that such order had been made, but before the order was entered in court, or served on him, he was served with the garnishee summons in this action.

*Walter Ayers,* for appellant.

This is an appeal from an order discharging a garnishee. The order was made prior to the disclosure of the garnishee upon the application of the principal defendant in the action.

The main question presented upon the appeal is whether the fund in Sinclair's hands was in the custody of the law, in such manner as not to be garnishable. He was clerk of the District Court for the county of St. Louis. Whiteman had deposited with him, as such clerk, $4,800 in a cause pending in that court. This deposit was made for the benefit of Mr. Wisdom, the plaintiff in that action, but upon the condition that he should accept the money in full satisfaction of all claims made in the action. It was not made under any order of the court, or in pursuance of any statutory authority. The clerk in receiving the money acted without the scope of his official authority and as a mere depositary. Prior to the acceptance of the money by Wisdom it remained Whiteman's. He could withdraw it at any time before it was accepted by Wisdom in full satisfaction. It thus clearly appears that the money was at no time in the custody of the law, but was in the custody of the clerk as an individual, and not as an officer of the court; and the order of the court allowing Whiteman to withdraw the money emphasizes this fact. To place money in the custody of the law some provision of the law or order

of court must direct its payment into court. A clerk of court, by his mere unauthorized reception of moneys, cannot place them in the custody of the law. He must receive them not only in his official capacity, but in pursuance of an official duty to receive them. If after the making of the order to return the money to Whiteman, the clerk refused to pay it over upon demand, an action would lie against the clerk personally, and if so, Whiteman would be able to transfer that right of action and the law might also transfer it. *Dunlop* v. *Patterson Fire Ins. Co.*, 74 N. Y. 145; *Weaver* v. *Cressman*, 21 Neb. 675.

A surplus remaining in the sheriff's hands after an execution has resulted in the payment of the plaintiff and the satisfaction of the judgment, belongs to the defendant, and is reachable by garnishment. Wap. Attachm. 221; Wade Attachm. § 421; Drake, Attachm. § 508; *Oppenheimer* v. *Marr*, 31 Neb. 811.

So too, with executors and administrators after final account filed and decree of distribution made in states where there is no statutory provision making them specially liable to garnishment as in this state. Wade, Attachm. § 426; Wap. Attachm. 225, 226; *Curling* v. *Hyde*, 10 Mo. 374; *Richards* v. *Griggs*, 16 Mo. 416; *Parks* v *Cushman*, 9 Vt. 320; *In re Nerac's Estate*, 35 Cal. 392; *Hoyt* v. *Christie*, 51 Vt. 48; *Fearing* v. *Shafner*, 62 Miss. 791.

And so of money in the hands of a special master in chancery, being the proceeds of a sale of land in a partition suit, and which funds the court appointing him had by a final order directed to be paid over. *Weaver* v. *Davis*, 47 Ill. 235.

Money held by a trustee appointed by a decree of a court of chancery may be attached by creditors, where the final audit has been ratified by the court, and the amount belonging to the debtor has been ascertained and an order passed directing the trustee to pay it over. *Cockey* v. *Leister*, 12 Md. 124; *Williams* v. *Jones*, 38 Md. 555; *Langdon* v. *Lockett*, 6 Ala. 727.

As every other officer of the court seems to be subject to garnishment, why should there be an exception in the case of a clerk of court? We believe there is none. What has been said of sheriffs will apply as well to clerks of court, recorders, registrars, etc.

Wap. Attachm. 221. There are a few cases which decide that a clerk of court cannot be garnished. *Bowden* v. *Schatzell*, 1 Bailey, Eq. 360; *Drane* v. *McGavock*, 7 Humph. 132; *Pace* v. *Smith*, 57 Tex. 555.

*W. W. Billson*, for respondent.

It is contrary to public policy, and not the intention of the statute, that public officials should be annoyed and distracted by process of garnishment on account of funds in their official custody. *McDougal* v. *Supervisors*, 4 Minn. 184, (Gil. 130;) *Knight* v. *Nash*, 22 Minn. 452; *Roeller* v. *Ames*, 33 Minn. 132; *Hill* v. *La Crosse & M. R. Co.*, 14 Wis. 291; *Wilson* v. *Ridgely*, 46 Md. 247; *Mayor* v. *Root*, 8 Md. 103; *Stillman* v. *Isham*, 11 Conn. 123; *Drane* v. *McGavock*, 7 Humph. 132.

The money in the hands of the clerk of the district court was not garnishable upon the further ground that it was in the custody of the law.

The payment of the money in the case at bar into court in good faith, as a tender in a pending cause upon the receipt of the clerk of court expressly acknowledging the deposit of the money in court, placed the fund in custody of the law. The circumstance relied upon to withdraw the case from the operation of the general rule is, that the court had made an order directing the payment of the money to Whiteman. While there are some authorities countenancing the distinction thus sought to be drawn, it has certainly been negatived by this court, and is destitute of logical force or merit. *Davis* v. *Seymour*, 16 Minn. 210, (Gil. 184;) *Drane* v. *McGavock*, 7 Humph. 132.

A dividend due to a creditor from the assignee of a bankrupt is not attachable under the law of foreign attachment by the custom of London. Ashley, Attachm. (2d Ed.) 29; Locke, Attachm. 35.

So moneys awarded under a rule of court, although the amount is fixed and the money payable on demand. *Grant* v. *Hawding*, 4 Term R. 313; *Coppell* v. *Smith*, Id. 312; *Caila* v. *Elgood*, 2 Dowl. & R. 193.

So in case of money collected on a judgment by a justice of the peace. *Corbyn* v. *Bollman*, 4 Watts & S. 342; *Dewing* v. *Wentworth*, 11 Cush. 499; *Colby* v. *Coates*, 6 Cush. 558; *Lord* v. *Meachem*, 32 Minn. 66.

Moneys in the hands of an assignee under the insolvent law cannot be garnished by a creditor of a person to whom they were payable.

DICKINSON, J. This is an appeal by the plaintiff from an order discharging the garnishee, Sinclair. The facts upon which rests the liability of the garnishee as such may be briefly stated as follows:

During the trial of an action in the district court, in which this defendant (and respondent) Whiteman was a defendant, he produced in court the sum of $4,800, and tendered it to the plaintiff in that action. The plaintiff refused to accept the money, and it was then and in open court delivered to the clerk of the court, (or his deputy,) to be paid to the plaintiff in that action if he would accept it. No order was made by the court concerning this matter. The clerk, who is the garnishee, having received the money, gave his receipt therefor, officially signed, and acknowledging the receipt of the money "as deposited in court." Afterwards, upon the application of the defendant, the court made an order that the clerk redeliver the money to him; but this order was not filed with the clerk, nor, as it would seem, was it presented to him until after the service of the garnishee summons, although he was previously "informed that an order had been granted." While the clerk, acting upon this information, was about to pay over the money, the garnishee summons in this action was served upon him. Upon these facts appearing to the court, the order discharging the garnishee was made, from which this appeal was taken.

If the act of the clerk in receiving and holding the money was not *official* in its nature, or, in other words, if the money was not in legal effect paid to and placed in the custody of *the court*, then it was subject to garnishment, notwithstanding the fact that the person who

received and held it was a public officer.  Such officers are not exempt from liability to such process, as respects acts which in legal contemplation are only of a personal, and not official, character.

We regard the transaction in question as having been in legal effect merely personal, and not official; and, whatever the understanding of the parties may have been, the official character of Sinclair imparted no legal effect to it.  He was not the court, but only a ministerial officer of the court, with only such official authority as had been expressly or by plain implication conferred upon him.  To determine whether his act was of an official character we must consider whether it was within the scope of his official duty.  He could not, by his own act or acknowledgment, give an official character to conduct which was not embraced within the authority conferred upon him.  We are cited to no statute, and we know of none, which requires or authorizes a clerk of court to receive and hold money which may be offered to him for the purpose of keeping good a tender made in court; and, in the absence of a statute and of any order or direction on the part of the court, —and there was no such order in this case,—the clerk was under no legal obligation to receive the money.  He might receive it, just as the sheriff, or a bailiff, or any bystander might have done, but his act in doing so was no more official than theirs would have been. He had no power to give an official character to the transaction, which the law did not recognize as such.  It was no part of his general duty, as the clerk of the court, to receive and hold all moneys that might be delivered to him.  If he received it without authority, he held it just as any private person would do.  It was not thereby brought into the custody of the court, nor withdrawn from the reach of ordinary legal process, either upon the ground of its being *in custodia legis* or upon the ground that, as an officer of the court, he was exempt from liability to respond to such process.

The written order of the court directing the payment of the money to the defendant did not become effectual to authorize the holding or disposition of the money by the clerk in his official capacity.  It was not filed nor presented to the clerk until after the service upon

him of the garnishee summons by which the money in his hands was attached. While it remained in the possession and subject to the control of the defendant without being formally communicated to the clerk, it did not convert the unofficial conduct of the clerk, in holding the money, into an official duty. The order was made for the benefit of the defendant, and he was at liberty to make it available by communicating the order to the clerk, or to forbear from doing so. The mere statement to the clerk that such an order had been signed was not a communication of the order to him. That did not constitute an *order* from the court *to* the clerk.

Order reversed.

(Opinion published 51 N. W. Rep. 665.)