W. D. G. COTTRELL *et al.*, Appellants, v. WHEELER & MOFFIT *et al.*;
WM. B. PIATT *et al.*, Administrators, Appellees.

Judgment: ASSIGNMENT : EVIDENCE.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, *Judge.*

FRIDAY, JANUARY 19, 1894.

SUMMARY proceeding for judgment against the defendants. Judgment rendered for the intervenors, from which the plaintiffs appeal. —*Affirmed.*

*Wolf & Hanley,* for appellants.

*Charles B. Keeler,* for intervenors, appellees.

KINNE, J.—This is a summary proceeding for judgment against the defendants, who are practicing lawyers of Tipton, Iowa, for one thousand, three hundred and seventy-seven dollars, which it is alleged they have collected upon a judgment belonging to the plaintiffs, and refuse to pay over. The facts, as disclosed by the pleadings and on the hearing, are that on March 26, 1878, Piatt & Carr and I. M. Preston, as attorneys, procured a judgment for five thousand dollars against one Mink, and in favor of Maria D. Shaffer; that the firm of Piatt & Carr, composed of H. C. Piatt and H. C. Carr, were practicing attorneys at Tipton, Iowa, and said firm was dissolved in October, 1887; that a portion of said judgment was on March 20, 1883, made by sale of real estate of the defendant in the judgment; that H. C. Piatt died in November, 1888; that prior to his death, and in March, 1883, the plaintiff in said judgment assigned the same to H. C. Piatt; that at all times prior to said assignment they were attorneys for the collection of the judgment; that after said assignment, and until the dissolution of said firm, they continued to act as such attorneys for H. C. Piatt; that, after the dissolution of said firm, H. C. Carr took charge of said judgment for the collection thereof for Piatt & Carr, and turned it over for collection to the defendants, Wheeler & Moffit, who have collected upon said judgment the sum of one thousand, three hundred and seventy-seven dollars, which is conceded to be due the real owner of the judgment; that Wheeler & Moffit have always stood ready to pay said sum whenever it should be adjudged to whom it belonged. The executors of H. C. Piatt intervene, claiming to be the owners of the judgment, and entitled to the proceeds in the hands of Wheeler & Moffit. The plaintiffs claim that on March 20, 1883, and prior to the sale of the real estate of the defendant in the judgment, they, through Piatt & Carr,

attorneys, purchased the judgment, and still own the same, and hence are entitled to the money made thereon, and in the hands of Wheeler & Moffit. They also claim that the latter firm and Carr were employed by them to collect the balance due on the judgment. These claims are denied. The court below found in favor of the intervenors, ordering the money to be paid to them, and, from this order and judgment, the plaintiffs appeal.

I. There is but one question involved in this appeal, viz: Who owned the judgment upon which the one thousand, three hundred and seventy-seven dollars now in the hands of Weeeler & Moffit was collected? The plaintiffs' claim thereto is based upon an alleged oral agreement of H. C. Carr with them, whereby they became the purchasers of the judgment, prior to the sale of the real estate in part satisfaction of it. Intervenors' claim is that H. C. Piatt purchased the judgment, and remained the owner of it until his death.

It will serve no useful purpose to review in detail the evidence. As to this alleged sale, it is in direct conflict, the plaintiffs testifying to the purchase, and Carr denying it. There are, however, facts, some of which are undisputed, which we think justified the district court in finding for the intervenors. There was no claim that H. C. Piatt had personally sold or assigned the judgment, or that any written assignment had been made by anyone. The contention is that Carr, acting as attorney for H. C. Piatt, verbally sold the judgment to the plaintiffs. But there is no evidence showing that Carr had authority to make any sale of the judgment. He was simply acting as an attorney for Piatt for the collection of the judgment. Now, the evidence of the plaintiffs is that they were by this purchase to have the judgment for four thousand, one hundred and three dollars, the face value of which was five thousand dollars. It is well settled that an attorney having a claim for collection has no power, in the absence of special authority, to accept as payment a less sum of money than the whole sum due. *McCarver v. Nealey*, 1 G. Greene, 362: *Drain v. Doggett*, 41 Iowa, 684; *Harbach v. Colvin*, 73 Iowa, 641; *Bigler v. Toy*, 68 Iowa, 687; Mechem on Agency, section 813; 1 Am. & Eng. Encyclopedia of Law, p. 957. Nor could Carr's anthority to sell the judgment be established by his own acts or declarations. *Bigler v. Toy*, 68 Iowa, 689. There is nothing to show that H. C. Piatt ever ratified the acts of Carr in respect to the sale of the judgment, if he undertook to make such a sale. It does not appear that Piatt ever knew of such sale or that the plaintiffs claimed to have purchased the judgment. Without knowledge of the thing done, he could not ratify. *Davenport Saving, etc., Ass'n v. North American Fire Ins. Co.*, 16 Iowa, 78. Again, the letters of the plaintiff Cottrell tend strongly to show that it was the land that was to be, and afterwards was, sold on the judgment, and that he wanted to and did purchase, and not the judgment. In one letter he wants Carr to inform him whether he will be safe in buying it, and whether the mortgages on it can be paid. In another, he speaks of the purchase of the Mink property. In fact, the whole tenor of the correspondence between the plaintiff Cottrell and Carr is in harmony with

Carr's testimony that he never sold the judgment to the plaintiffs. The burden is upon the plaintiffs to establish their case, to show a purchase of the judgment.

In the light of the testimony of Carr, supported, as it is, by the record, we do not think the plaintiffs have shown that they are entitled to recover. Giving the finding of the court below the force and effect of a verdict, as we should, the plaintiffs have not made such a case as justifies us in disturbing the judgment of the district court. In the view we have taken of the case, we need not pass upon the questions raised in the motion. AFFIRMED.

ROTHROCK, J., took no part in this case.