J. ARTHUR HALL v. PETER P. SWENSEN.[1]

July 7, 1896.

Nos. 9878—(186).

**Statute of Limitations — Action against Sheriff for Money Received on Redemption.**

G. S. 1894, § 5137, limiting the time in which certain actions may be brought, reads as follows: "Within three years * * * an action against a sheriff, coroner or constable upon a liability by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty including the nonpayment of money collected upon an execution." *Held*, that the mere failure of a sheriff, receiving money on a redemption of real estate made through him, to pay the same to the party entitled thereto before any demand is made upon him for it, is not the omission of an official duty, within the meaning of such statute, and in such case an action against the sheriff for the recovery of the money is not barred in three years from the time he received it.

Appeal by plaintiff from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Reversed.

*Ed. T. Teitsworth*, for appellant.

*Peterson & Kolliner*, for respondent.

BUCK, J. For the purposes of this trial, and in order to relieve the parties from the necessity of calling witnesses, they stipulated as to certain facts, and the finding of the court below reads as follows:

"First. From January 1, 1891, to January 1, 1893, said defendant was the duly elected and qualified sheriff of said Hennepin county.

---

[1] Reported in 67 N. W. 1024.

Second. On the 8th day of October, 1891, the above-named plaintiff was the owner of a sheriff's certificate of mortgage foreclosure covering, and in which certificate was described, lot 4 and north half of lot 5, block 11, Bloomington Avenue addition to Minneapolis, situated in said county, made pursuant to a mortgage foreclosure sale of said premises, which sale was made by the sheriff of said county on October 13, 1890. There was due on the 8th day of October, 1891, on said sheriff's certificate, the sum of $469.11. Third. On said 8th day of October, 1891, one Andrew F. Hilyer, the owner of the fee of said premises, made redemption thereof from said mortgage foreclosure sale, and paid the said defendant, the sheriff of said county, in redemption thereof, the sum of $469.11, and the certificate of redemption made pursuant thereto and in accordance with the law was duly recorded in the office of the register of deeds of said Hennepin county on October 8, 1891. Fourth. Thereafter, and before the commencement of this action, plaintiff made demand upon defendant for said money paid to said sheriff in redemption of said premises from said foreclosure sale. Said defendant refused to pay the same to plaintiff, and no part of said sum has ever been paid to plaintiff. Fifth. This action was begun by serving summons and complaint upon defendant April 20, 1895."

Upon the facts the trial court found as conclusions of law as follows:

"(1) The said money was received and retained by said defendant in his official capacity, and in virtue of his office. (2) This action not having been commenced within three years from the time the money was paid defendant, the claim is waived. (3) Plaintiff is entitled to take nothing by this action, and defendant is entitled to judgment for his costs and disbursements herein."

The appeal is from an order denying plaintiff's motion for a new trial.

The defendant contends, and this contention was sustained by the trial court, that, this action not having been commenced within three years after the receipt of the money by the defendant, the action is barred by the first division of section 5137, G. S. 1894, which reads as follows:

"An action against a sheriff, coroner or constable upon a liability by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution."

In our opinion, the mere failure of a sheriff, receiving money on a redemption of real estate made through him, to pay the same to the party entitled thereto before any demand is made upon him for it,

is not the omission of an official duty within the meaning of the statute, and in such case an action against the sheriff for the recovery of the money is not barred in three years from the time he received it. The manner in which the money came into the possession of the defendant as sheriff is authorized by G. S. 1894, § 6042, relating to the redemption of real property sold on foreclosure by advertisement, and that portion of the section bearing upon the subject is as follows:

"The person desiring to redeem shall pay to the person holding the right acquired under such sale, or for him to the sheriff who made the sale, or his successor in office, the amount required by law for such redemption."

In receiving this redemption money he acted as the custodian of the law, and not as the agent of either party. Horton v. Maffitt, 14 Minn. 216 (289); Davis v. Seymour, 16 Minn. 184 (210). It was received by the sheriff by virtue of his office. In re Grundysen, 53 Minn. 346, 55 N. W. 557. There is no affirmative duty imposed upon the sheriff by positive law to hunt up the mortgagor, and notify him that the redemption money is in his hands. The statute expressly provides [2] that the several papers necessary to be presented to the sheriff authorizing him to receive the redemption money shall, within 24 hours after redemption is made, be filed in the office of the register of deeds of the county in which the mortgaged lands are situated. It also provides [3] that the officer from whom such redemption is made shall make and deliver to the person redeeming a certificate under his hand and seal, containing the name of the person redeeming, the amount paid by him on such redemption, a description of the sale for which such redemption is made and the property redeemed, stating upon what claim such redemption is made, and, if upon a lien, the amount claimed to be due thereon at the date of redemption, which certificate shall be executed and proved or acknowledged and recorded as provided for conveyances of real estate. Thus ample facilities are afforded to the mortgagee for ascertaining whether the redemption has been made, the time when, by whom, and the amount paid. If he desires the redemption money, he should seek the officer holding it safely for him, and demand its payment or delivery over to

[2] G. S. 1894, § 6042.     [3] Section 6043.

him. If the officer refuses so to do, then there would be "the omission of an official duty" provided by G. S. 1894, § 5137.

As to whether there might not be cases where the circumstances would be of such a nature that the sheriff would be put to some active duty in paying over the money before an actual demand was made, or whether the statute of limitations would not run in any event in six years from the receipt of the money, are questions not involved in a decision of this case, and as to them we express no opinion.

The facts in this case show no misappropriation of funds or the redemption money, nor any attempted, by the sheriff. It was conceded upon the argument that no demand was made until after the expiration of the three years from the time defendant received the redemption money, viz. October 8, 1891. Hence the three-years limitation does not apply to the action, and it was not barred before its commencement.

The order denying a motion for a new trial is reversed.