A. G. HOWARD AND MRS. M. P. BRAYTON, Appellants, v. JOHN KELLY AND AUGUST C. DOEHLER, Appellees.

**Execution sales:** REDEMPTION. Strict redemption from an execu-
1  tion sale can only be made as provided by statute, that is·by paying the amount to the clerk and filing a sworn statement of the nature and amount of the redemption lienholder's claim; so that mere payment of the amount necessary to redeem by

the lienholder to the attorney of the purchaser at the execution sale is not a statutory redemption.

**Same:** ASSIGNMENT OF CERTIFICATE OF SALE:   AUTHORITY OF ATTORNEY.
2    The attorney for one who has, through judgment and execution sale, acquired for his client a sheriff's certificate to the property has no implied authority to accept the amount represented thereby from a lienholder, when the certificate is in the hands of his client, and bind his client to a transfer of the certicate: in order to defeat the efficacy of the certificate in the hands of the purchaser there must be either a statutory redemption, or a binding agreement to transfer the same.

*Appeal from Allamakee District Court.*— HON. A. N. HOB-. SON, Judge.

THURSDAY, JANUARY 16, 1908.

SUIT in equity to quiet plaintiffs' title in and to certain real estate, and to have a sheriff's deed thereon issued to defendants declared void and of no effect.   The trial court dismissed plaintiffs' petition, and they appeal.— *Affirmed.*

*H. H. Stilwell,* for appellants.

*H. E. Taylor* and *D. J. Murphy,* for appellees.

DEEMER, J.— C. O. Howard at one time owned the property in controversy upon which defendant Kelly had a mechanic's lien for labor performed thereon.   Howard sold the property to Gustave and William Doehler, taking a mortgage of $4,000 thereon to secure that much of the purchase price.   The Doehlers became bankrupt, and action is now pending to foreclose the mortgage.   Kelly foreclosed his mechanic's lien, making C. O. Howard and the Doehlers parties defendant to the action, and secured judgment and decree in the year 1904.   In August of the year 1904 the property was sold at execution sale under the foreclosure decree, and a certificate of purchase was issued to Kelly, who placed the same for safe-keeping in the hands of his attorney, one J. P. Conway, Esq.   Howard died intestate · in

September of the year 1904, and plaintiffs are his successors and heirs at law. In April of the year 1905 plaintiffs, through their attorney (Stilwell) paid to Conway, as Kelly's attorney, the amount necessary to redeem the property, he (Conway) agreeing to have the certificate of purchase assigned and delivered to Stilwell. Conway notified Kelly of the receipt of the money, and asked him for an assignment of the certificate that he might comply with his agreement, but Kelly refused to accept the money and to assign the certificate. No further attempt at redemption was made, and Kelly assigned his certificate to defendant Doehler, who in due season obtained a sheriff's deed to the property, and it is this deed which plaintiffs seek to have set aside. The record presents but two questions for our consideration: First, did the payment of the money to Conway operate as a statutory redemption from the sale? and, second, did the transaction amount to a payment of the amount due Kelly as represented by the certificate of sale?

It is elementary that strict redemption may be made only as prescribed by statute. *Logan v. McKinley,* 70 Neb. 406 (101 N. W. 992). By section 4056 of the Code it is provided that redemption by a lienholder shall

1. EXECUTION
SALES: re-
demption.

be by paying into the clerk's office the amount necessary to effect the same, and filing an affidavit stating the nature of his lien and the amount due thereon. It will be observed that Howard was simply a lienholder at the time the foreclosure decree was entered and the sale had, and that the Doehlers were the then owners of the property. Stilwell did not follow this statute in his attempt to redeem, but paid the money to Kelly's attorney in the foreclosure proceeding, and no affidavit was filed for or on behalf of Howard as the statute requires. Manifestly there was no statutory redemption. *Jack v. Cold,* 114 Iowa, 349.

There being no statutory redemption, it is clear that defendant Kelly's rights are not to be extinguished, unless

what was done amounted to a payment to him of the amount
due as represented by the certificate of sale.

**2. SAME: assignment of certificate of sale: authority of attorney.** Conway had no implied authority as an attorney for Kelly to sell and assign the certificate of purchase to another. His authority, if he had any, was to collect the amount due as represented by the certificate. Section 4058 provides for an assignment of the certificate by the holder when redemption is made under the statute, but not otherwise, thus leaving the matter of the transfer thereof subject to assignment by agreement or contract. Having no authority to make a contract for the sale of the certificate on behalf of his client, Conway's act in receiving the money is not binding upon defendants, unless we find implied authority upon his part to accept the same as payment of the amount represented thereby. Doubtless an attorney has implied authority to accept payment of a judgment obtained by him for and on behalf of his client; but when that judgment is satisfied as it was in this case, by a sale of the property, and the amount thereof is represented by a new form of lien, which is in itself the subject of contract, and which gives new and added rights and privileges, no implied authority exists in the attorney procuring the judgment with reference thereto. In order to defeat the certificate, or to destroy its efficiency, the statute with reference to redemption must be followed, or it must be transferred by contract or agreement to another who succeeds to the rights of the original holder. The original judgment becomes *functus officio,* and the holder thereof is given new rights and privileges which did not pertain either to the original claim or to the judgment thereon. Reduced to its final analysis, the question is: May the attorney for one who has, through judgment and execution sale, acquired a sheriff's certificate of sale, accept in payment the amount of money represented thereby, when that certificate is in the hands of his client, who was the purchaser at the execution sale?

In the case before us, while the certificate was in the hands of the attorney, it was left with him for safe-keeping, and the situation is no different than it would have been had it been in the hands of the client. The parties who seek to take advantage of the payment in the instant case were not the owners of the land, but lienholders who had no other rights in the premises save to redeem from the sale. This makes the case much easier of solution than if it were the owners of the land who were insisting upon the proposition that the transaction amounted to a payment of their debt. A lienholder has no right as against the holder of a certificate of sale, save as the statute gives him the privilege of redeeming; and, in order to secure this privilege, he must follow the statute. This, of course, plaintiffs' attorney was bound to know. With this knowledge he, instead of following the statute with reference to redemption, paid the money to the attorney for the certificate holder, who procured the foreclosure judgment. The attorney had no authority, of course, to assign the certificate or to make a contract to do so, and the lienholder had no right, save as the statute gave it, to pay the amount represented by the certificate of sale. A kindred question was presented to the Supreme Court of Minnesota, and that court held in *Williams v. Grundysen,* 53 Minn. 346 (55 N. W. 557), that after a foreclosure sale and the issuance of the proper evidences thereof the attorney in the foreclosure action had no authority to receive the money represented thereby. And in *Cottrell v. Wheeler,* 89 Iowa, 754, we held that an attorney had no implied authority to sell a judgment obtained by him. None of the cases cited by appellants' counsel run counter to the views here expressed, save *Erwin v. Blake,* 8 Pet. (U. S.) 25 (8 L. Ed. 852), and what is there said apparently to the contrary is clearly *dictum.* Moreover, in that case there was no attempt at redemption by a lienholder. Appellants' counsel argue that, as the original judgment was against Howard, he and his successors had the right to pay

it off, as well as to redeem from the sale. The fallacy in this lies in assumption that the judgment was in existence when the money was paid to Conway. That is not true in fact. The judgment had been satisfied by the sale of the property and Howard's liability thereunder had become extinguished. The only right he held after the sale was to redeem.

The decree of the district court is right, and it is *affirmed.*