### SPARKS *v.* BLOODWORTH.

Where all collections made on processes from a justice's court by the constable thereof were, pursuant to an agreement between him and the justice of the peace, delivered, when made, to the latter, who on every Saturday distributed all amounts thus collected, and all amounts collected by the justice of the peace and his clerk during the week, to the parties entitled thereto; *held,* that the amount due the constable, embraced in the collections made by him, which were held for him by the justice of the peace, could be subjected to the debts of the constable by serving garnishments on the justice of the peace.

Submitted May 20,—Decided November 19, 1908.

Garnishment. Before Judge Pendleton. Fulton superior court. September 19, 1907:

Judgment was rendered in the superior court against Barnes, who was constable of a justice's court. The judgment was transferred by the plaintiff therein to Sparks, who had summons of garnishment issued and served upon Bloodworth, who was justice of the peace of the court of which Barnes was constable. On the trial of the case the only oral testimony delivered was that of Bloodworth, which was as follows: "I am ex-officio justice of the peace for the 1026th district G. M. of Fulton county. Mr. Barnes is a constable, and works under me. I haven't got any money belonging to Mr. Barnes, or any property. I never did have any money or property except money that I collected as justice of the peace, which money was paid to Barnes as L. C. This was all the money that I ever had, and it was collected as justice of the peace and paid over to Barnes as L. C. I never owed Barnes any money except as I stated, that I collected as justice of the peace and turned over to him as constable. I have a cash book, and whenever I collect any money, or Mr. Barnes collects any money and turns it over to me, or my clerk collects any money and he turns it over to me, I have a cash book which is run this way:

Plaintiff | J. G. Bloodworth | M. F. Barnes | R. F. Mauldin |

This is the way I keep my cash book. When I collect any money, I divide it up, and give the plaintiff his money, and my money that is coming to me, and what is going to Mr. Barnes and Mr. Mauldin. When my clerk receives any money he turns it over to me; I do the same thing; I divide it up and give the plaintiff his money, then I give myself credit for my part, and I give Barnes credit for his part, and Mauldin credit for his part. And when Barnes collects any money, he brings it in to me and he turns over to me all the money that's coming to the plaintiff, and what's coming to me, and what's coming to him, and I divide it all up, and then on Saturday evening I run up the column that belongs to Mr. Barnes, and to Mr. Mauldin, and see how much has been collected and turned over to me, and how much I have collected, and then I settle with Mr. Barnes every Saturday evening. Mr. Barnes collected and turned over to me from July 9, 1904, till Sept. 5, 1904, from the time that I was served with the summons of garnishment and the time of making this answer, Mr. Barnes turned over to me, of money that he had collected as fees, more money than it would take to pay off said judgment now

against him, which I paid to him every Saturday evening, as above stated. Eight tenths of this sum was paid in checks."

The court directed a verdict and entered a judgment sustaining the answer of Bloodworth, and finding that the money received by Bloodworth from Barnes and turned over to Barnes by Bloodworth was not subject to the process of garnishment. To this judgment the plaintiff excepted.

*S. D. Johnson, R. L. Rodgers,* and *W. W. Haden,* for plaintiff.

*C. B. Reynolds,* for defendant.

HOLDEN, J. (After stating the facts.) The defendant contends in this case that the judgment of the court below was correct, for two reasons: first, Bloodworth was not subject to garnishment, because he held the money due Barnes in his official capacity as justice of the peace, and, as such officer, was not subject to garnishment; and second, that the amount due Barnes was his costs as constable and was not subject to garnishment. We do not think that the money turned over to Bloodworth by Barnes was afterwards held by Bloodworth in his official capacity as justice of the peace; nor do we think that such money was due by Bloodworth to Barnes as costs due to Barnes. It is the duty of the justice of the peace to collect claims turned over to him for collection, and also his duty to make collection of any judgments rendered in suits thereon; and if he makes such collections from the debtor himself, or by any one authorized to represent him, he would hold such collections in his official capacity. But can he be said to hold in his official capacity the costs due the constable which have been collected by the constable and turned over to the justice of the peace to be paid back by him to the constable? It is also the duty of the constable to collect judgments, where executions issued thereon have been placed in his hands; and when he makes collection thereof, it is his duty, under the Civil Code, §4099, to pay over the same *promptly* to the persons entitled thereto, unless there are conflicting claims to the money collected. The Civil Code, §4162, provides that if any constable shall fail to account with and pay over to the person entitled thereto any money which he has received on an execution or other paper placed in his hands as such constable, within ten days after the money is received, the person injured by such failure may apply to the justice of the peace, whose duty it is to award judgment and execution against

the constable for the amount collected and withheld, and the justice may also fine such constable for such default in a sum not exceeding ten per cent. of the amount so collected. It will be seen from these two sections that when the constable makes a collection, and there are no conflicting claims to the money collected, it his duty to distribute the fund and turn over to the parties entitled the amounts collected. It is no more the duty of the constable to turn over to the justice of the peace any collections which he makes (other than costs belonging to the justice), than it is the duty of the justice of the peace to turn over to the constable any collections he makes except the costs that may be due such constable. The constable could not be ruled by the justice of the peace for contempt of court for failing to pay over to him the costs due the constable and collected by him. Certainly there is no law requiring the constable to turn over to the justice of the peace, to be paid back to the constable, the costs due the constable; but, on the contrary, it is his duty to disburse the fund, which includes his appropriating to himself such fees as he may be entitled to therefrom. The amount of the costs due the constable is fixed by law and is made certain; and when he receives his costs from the party entitled to pay the same, there is a settlement of the costs due him. His costs have been paid to him, and he has the money in his possession; his dominion and control over it is complete, and there is no law requiring him, or authorizing him, to pay to some one else such costs, to be held as his costs and be paid back to him as such. When he makes collection of the full amount due on a claim, including his costs, there is no particular part of the money paid as costs, and he can take the amount of his costs from any part of the collection and keep the same as his costs. If the law protects officers from having their costs and fees and salaries due them subjected to garnishment, it is sufficient that they be protected from garnishment until they receive them. After they receive such cost, it is going too far to give further protection, but the officer should protect himself if he wishes to save it from his creditors. If the State protects it from garnishment until he gets it, and he pays it to some one to be paid back to him, according to some private arrangement, even though such person happens to be an officer, it can not be further protected by the law. The justice of the peace has no authority to order the constable to pay over

to him any cost due the constable and collected by him; and if he makes any such order, the same is void and can be ignored by the constable.   It is no more protected from process of garnishment, after the constable turns it over to the justice of the peace to be paid back to the constable, than if the constable were to deposit it with some bank or any individual.   This is true whether the de-livery by the constable of the collection made includes only his costs, or is an amount embracing his costs and amounts due others. The justice of the peace can not be said to be making a collection in his official capacity when he receives from the constable an amount due the constable and collected by him on a process of the court.   In the case of Kimball v. Richardson-Kimball Co., 111 Cal. 386 (43 Pac. 1111), it was held that where the plaintiff in a bill of interpleader deposited money or property with the clerk with-out any order of court permitting him to do so, the money and property were not in the custody of the law and were subject to garnishment.   And in Marine National Bank of Duluth v. White-man Paper Mills, 49 Minn. 133 (51 N. W. 665), the defendant made a tender of money to the plaintiff, which was refused; where-upon he placed the money in the hands of the clerk of the court to be paid to the plaintiff if he would accept it.   The court made no order relative to the receiving or holding of the money by the clerk.   It was held that the action of the clerk in re-ceiving and holding the money was not within the scope of his official duty, and that he was liable to garnishment.   When a col-lection has been made by the constable, there is no collection to be made by the justice of the peace, as the collection has already been made by an officer required by law to make it.   There is no duty on the constable, where there are no conflicting claims to the fund, except to distribute the money to the parties entitled to the same. He is entitled to his costs in an amount fixed and made certain by law.   He has possession of the money.   He has absolute dominion and control over it; and if he delivers his costs, or an amount in-cluding his costs, to some one else when no duty requires him to do so, the amount due him in the hands of the person to whom he voluntarily delivers it is subject to garnishment.   We think the court committed error in directing a verdict against the plaintiff; and the judgment is           *Reversed.   All the Justices concur.*