## ROBERT S. BROWN v. CANADIAN NORTHERN RAILWAY COMPANY.

## HECTOR BAXTER AND ANOTHER, APPELLANTS.[1]

December 15, 1922.

No. 23,215.

**When judgment paid to clerk of court is in the custody of the court.**
1.  The statute authorizes the payment of a judgment to the clerk of the court only in case no person entitled to receive the money can be found and an affidavit showing that fact has been filed with the clerk; and money paid to the clerk to satisfy a judgment in the absence of such a showing is not in the custody of law.

**Rights of judgment creditor not affected by unauthorized payment.**
2.  Such a payment, being unauthorized by statute, does not operate as a payment of the judgment nor affect the rights of the judgment creditor, unless he sees fit to approve and accept it.

**Levy on the money by creditor of judgment creditor—judgment creditor cannot sue for conversion of money.**
3.  Where a judgment debtor, without authority, pays the amount of the judgment to the clerk, and a creditor of the judgment creditor levies upon the money while in the hands of the clerk, the judgment creditor cannot maintain an action for the conversion of the money for it was not in the custody of the law, and if it had become the property of the judgment creditor the levy was lawful, and if it had not become his property his rights were not affected.

Action in conversion in the district court for Roseau county to recover $79.51. The case was tried before Watts, J., who made findings and ordered judgment in favor of plaintiff and against defendants Baxter and Rice and dismissed the action as to Canadian Northern Railway Company. From an order denying their motion

[1]Reported in 191 N. W. 259.

for amended findings and conclusions or for a new trial, Hector Baxter and O. A. Rice appealed.   Reversed.

*Bert Hanson* and *W. E. Rowe,* for appellants.

*Alexander Fosmark,* for respondent.


TAYLOR, C.

This is an action in conversion tried to the court without a jury. Plaintiff alleged that he was the owner and entitled to the possession of $79.51 lawful money of the United States and that defendants took it and converted it to their own use.   The court made findings of fact and conclusions of law and directed judgment for plaintiff against defendants Baxter and Rice, but dismissed the action as to defendant railway company.   Defendants Baxter and Rice appeal from an order denying a new trial.   The facts are found in detail by the court and are undisputed.   The only question presented is whether they sustain the conclusions of law that the money was the property of plaintiff and was wrongfully taken by defendants.

Plaintiff obtained a judgment against the Canadian Northern Railway Company for the sum of $159.60 which was duly entered and docketed in Roseau county.   The Canadian National Railways obtained a judgment against plaintiff for the sum of $59.75 which was also duly entered and docketed in Roseau county.   Defendant Baxter was the attorney for both railway companies.   On March 15, 1922, Baxter paid to the clerk of the court the amount of the judgment against the Canadian Northern Railway Company and the clerk made a notation on the records that that judgment had been satisfied by such payment.   On the same day defendant Rice as sheriff, by direction of Baxter and under an execution issued on the judgment of the Canadian National Railways against plaintiff, levied upon and collected from the clerk $79.51 of this money, being the amount required to satisfy the execution.   The remainder of the money was subsequently paid to plaintiff's attorney by the clerk.

Plaintiff contends that the money, while in the hands of the clerk, was in the custody of the law and therefore could not be levied

upon; defendants contend to the contrary. The statute contemplates that a judgment shall be paid to some person entitled to receive the money, but G. S. 1913, § 7913, provides that, where no such person can be found and that fact is made to appear by an affidavit filed with the clerk of the court, payment may be made to the clerk. Only under such circumstances is payment to the clerk authorized. Here no such affidavit was made and none could have been made truthfully, for both plaintiff and his attorney were residents of Roseau county and payment could readily have been made to either. Payment to the clerk under such circumstances was without authority of law, and of no more effect than a deposit of the amount with any other third person. It could not operate as a payment or satisfaction of the judgment, at least not until recognized and accepted as such payment by plaintiff. The clerk could not receive the money in his official capacity, unless authorized to do so by statute or order of court, and it was never in the custody of the law, for there was no order of court and the facts did not bring it within the statute. Marine Nat. Bank of Duluth v. Whiteman Paper Mills, 49 Minn. 133, 51 N. W. 665; Davidson v. Lamprey, 16 Minn. 402 (445).

The payment to the clerk affected plaintiff's rights in no way, and he was entitled to have the unauthorized entry made by the clerk stricken from the records. When the sheriff made his levy, the money seized belonged to the Canadian Northern Railway Company, not to plaintiff, for plaintiff had neither authorized nor ratified the payment to the clerk. As the money taken was not the property of plaintiff, this action in conversion will not lie. Neither would it lie if the money had been the property of plaintiff, for in that case the levy and seizure would have been lawful. There is no need to determine whether plaintiff, by his subsequent conduct in accepting the balance of the money in the hands of the clerk and in claiming ownership of all of it, adopted and accepted the payment to the clerk as in effect a payment to himself. There is also no occasion to determine whether an action in conversion will lie for the conversion of money delivered to one person to be applied in payment of a debt due to another. But see 26 R. C. L. 1101.

It is urged that the conduct of Baxter should estop him from denying that the money was in the custody of the law. We fail to find any ground on which plaintiff can urge such an estoppel. The money was the property of the Canadian Northern Railway Company at the time of the levy. If it was applied on the execution at the instance of that company, possibly the transaction might operate as a payment of the execution, but in that event it would have been a voluntary payment which would not affect the liability of the company to plaintiff under plaintiff's judgment. 22 Am. & Eng. Enc. 526. Taking the money and applying it on the execution affected plaintiff's rights in no way, unless plaintiff on learning of the transaction saw fit to approve and ratify it.

Order reversed.