WILLIAM L. MEYERS v. F. G. WILLSEY AND ANOTHER.[1]

October 16, 1925.

No. 24,781.

**Sheriff not subject to garnishment of money paid to redeem from foreclosure sale.**

Money in the possession of a sheriff, paid to him in redemption from a mortgage foreclosure sale, is not subject to garnishment.

See Garnishment, 28 C. J. p. 75, § 91.

See notes in 13 L. R. A. (N. S.) 757; 30 L. R. A. (N. S.) 720. See note in 43 L. R. A. (N. S.) 571. 12 R. C. L. pp. 808-810; 2 R. C. L. Supp. 1489.

Plaintiff appealed from an order of the district court for Beltrami county, Stanton, J., discharging the garnishee and dismissing the garnishment proceeding. Affirmed.

*F. J. McPartlin*, for appellant.

*Huffman & Smith*, for respondent.

DIBELL, J.

The plaintiff appeals from an order discharging proceedings in garnishment against the garnishee Johnson, the sheriff of Beltrami county.

[1]Reported in 205 N. W. 373.

The defendant Willsey was the purchaser at a mortgage fore-closure sale of real property on February 14, 1924. On the fifth of February, 1925, within the year allowed by statute, the owner redeemed, paying the sheriff $1,054, and on the same day the latter delivered to the redemptioner the usual certificate of redemption and nothing remained for him to do except pay the defendant. On February 6, 1925, the plaintiff sued the defendant and garnisheed the sheriff. The trial court dismissed the garnishment upon the ground that the money in the sheriff's hands was in the custody of the law through its officer.

The sheriff received the money as an officer of the law and not as the agent of the purchaser at the foreclosure sale. Horton v. Maffitt, 14 Minn. 216 (289), 100 Am. Dec. 222; Davis v. Seymour, 16 Minn. 184 (210); Gesner v. Burdell, 18 Minn. 444 (497); In re Grundy-sen, 53 Minn. 346, 55 N. W. 557; Hall v. Swensen, 65 Minn. 391, 67 N. W. 1024. In Davis v. Seymour, 16 Minn. 184 (210), it was held that money in the sheriff's possession received by him upon redemption from execution sale could not be reached on execution against the one entitled to receive it. The ground of the decision was that the money was in the custody of the law. The defendant had refused to accept the money, claiming that the redemptioner was not entitled to redeem. In some respects that fact distinguishes the case. But we apprehend that it is the understanding of the profession that money in the possession of the sheriff, as in the case at bar, is not attachable. Some strength is given this view by Marine Nat. Bank v. Whiteman Paper Mills, 49 Minn. 133, 51 N. W. 665.

The authorities are not at all in harmony. Some hold that the sheriff or other officer is subject to garnishment in respect of money coming to him by virtue of his office, and others that he is not; and many draw a distinction in favor of seizure when there is nothing left for the sheriff to do but pay it to the owner. See Drake, Attach. (7 ed.) §§ 503-506; 28 C. J. 74; 1 Shinn, Att. & Garn. § 46; 2 Wade, Att. § 330; Waples, Att. & Garn. (2 ed.) §§ 259-261; note 13 L. R. A. (N. S.) 758; note 43 L. R. A. (N. S.) 571; 24 Cent. Dig. Garn. §§ 113-19; Dec. Dig. Garn. §§ 57-61.

No controlling principle of law makes in favor of either party. It is a question of policy. The legislature has extended the remedy by garnishment on one ground or another so as to reach money or property not before considered subject thereto, for instance, money in the hands of executors and administrators and money owing by municipal corporations to its officers as salaries. A settled rule is desirable. We think it unwise to refine on the general rule and that there should be exemption from garnishment in cases like this until the legislature chooses to have it otherwise.

Order affirmed.