## Julius Rees *vs.* Adolf Lowy.

Argued May 10, 1894. Reversed May 25, 1894.

No. 8818.

**Evidence did not prove a surrender of a lease.**

> *Held,* that there was no evidence tending to prove a surrender of a lease, and a release of the lessee from his covenants, either by the contract of the parties, or by operation of law.

**Implied surrender of lease by operation of law.**

> A surrender of a lease by operation of law cannot be implied from the mere fact that the lessor assented to an assignment of the lease, and subsequently accepted rent from the assignee in possession.

Appeal by plaintiff, Julius Rees, from an order of the Municipal Court of the City of Minneapolis, *C. B. Elliott,* J., made November 18, 1893, granting the motion of defendant, Adolph Lowy, for a new trial.

On October 1, 1892, the plaintiff, Julius Rees, leased to defendant, Adolph Lowy, the store No. 202 Hennepin Avenue, Minneapolis, with the cellar under it for a saloon for the term of two years from that date, and defendant agreed to pay therefor $2,000 a year rent, payable monthly in advance, viz. $166.67 on the first day of each month. On April 7, 1893, the defendant with plaintiff's consent assigned the lease and delivered the possession of the premises to Frank X. Barge. He soon after claimed to be a minor and repudiated the assignment on that account. Plaintiff brought this action to recover of Adolph Lowy the rent for the month of June, 1893. The court made findings of the facts and ordered judgment for the plaintiff for $166.67 and costs. The defendant moved for a new trial. The court granted the motion. Plaintiff appeals.

*S. Meyers,* for appellant.

A surrender may take place only in two ways, first, by agreement between the parties; second, by operation of law. There is no evidence of surrender by agreement. There must be a clear intent to make a new contract with the assignee and to discharge the original lessee, otherwise his liability continues. *Grommes* v. *St.*

*Paul Trust Co.*, 147 Ill. 634; *Stern* v. *Thayer*, 56 Minn. 93; *Nelson* v. *Thompson*, 23 Minn. 508.

The mere act of receiving rent from the assignee in possession will not operate as a surrender of the lease as to the lessee. *Levering* v. *Langley*, 8 Minn. 107; *Harris* v. *Heackman*, 62 Ia. 411.

A release is not to be implied from the mere fact of written assent to the assignment. The lessee remains liable upon his express covenant to pay rent in an action by the lessor, even if the lessor has accepted the assignee as his tenant and collected rent from him. *Bailey* v. *Wells*, 8 Wis. 141; *Jones* v. *Bomes*, 45 Mo. App. 590; *Wilson* v. *Gerhardt*, 9 Colo. 585; *Walton* v. *Cronley's Adm'r*, 14 Wend. 63; *Bowen* v. *Haskell*, 53 Minn. 480; *Shaw* v. *Partridge*, 17 Vt. 626.

*F. J. Geist*, for respondent.

There was sufficient evidence for the court to find that it was the intention of plaintiff to release Lowy from the obligations of the lease and that plaintiff acted on that intention. He rented the premises in July without notice to defendant. This was clearly a termination of the lease by operation of law. *Levering* v. *Langley*, 8 Minn. 107; *Bowen* v. *Haskell*, 53 Minn. 480; *Wheeler* v. *Walden*, 17 Neb. 122.

The plaintiff relied undoubtedly at the beginning of the action upon the infancy of Frank X. Barge, but he could not substantiate it at the trial. There was an open and notorious change of possession and ownership of all the personal property and of the premises and plaintiff on several occasions after the transfer collected the rent from Frank X. Barge, rented subsequently to Mrs. Barge and later to one Klotz, without giving defendant notice. *Evans* v. *McKenna*, 89 Ia. ——; *Donahue* v. *Rich*, 2 Ind. App. 540.

MITCHELL, J. The plaintiff leased to defendant certain premises for a term of two years from October 1, 1892, at a specified yearly rental, payable monthly in advance. The lease provided that the lessor might cancel and annul it at once, if it should be assigned without his written consent; also, that, in case of default on part of the lessee in any of its covenants or conditions, the lessor might,

at his option, re-enter, and take possession of the premises, without such re-entry working a forfeiture of the rents to be paid or covenants to be kept by the lessee for the full term of the lease.

This action is to recover the rent for the month of June, 1893. The defense is that on April 8, 1893, the defendant, with the written consent of the plaintiff, assigned the lease, and surrendered possession, to one Barge, whom plaintiff accepted as his tenant in defendant's place, and released the latter from all liability on the lease.

The court found against defendant on this issue, and ordered judgment for plaintiff, but, on motion of defendant, granted a new trial, from which order plaintiff appeals. No errors of law, prejudicial to defendant, occurred at the trial, and the findings of fact support the conclusions of law. Hence, the only question is whether the case was one where the court was justified in granting a new trial on the ground that the findings of fact were not sustained by the evidence. There is some slight evidence, of a very vague and unsatisfactory character, that at the time plaintiff gave his written consent to the assignment of the lease to Barge, in answer to defendant's inquiry whether "this released him from all obligations," or if "he was released from everything," plaintiff replied in the affirmative. But it is wholly unnecessary to consider this class of evidence, for the reason that a leasehold interest in land for more than one year can no more be surrendered than it can be created by parol. 1878 G. S. ch. 41, § 10.

There is therefore absolutely no evidence of a surrender of the lease by any contract of the parties. There is also an entire absence of any evidence sufficient to establish a surrender by operation of law.

As was said in *Stern* v. *Thayer*, 56 Minn. 93, (57 N. W. 329,) a surrender by operation of law can only be built up by invoking and relying on the doctrine of estoppel,—upon a condition of facts, voluntarily assumed, incompatible with the existence of the relation of landlord and tenant between parties who have occupied that position.

Nothing is better settled than that a surrender of the lease, or a release of the lessee, is not to be implied from the mere facts that the lessor assented to the assignment of the lease, and accepted rent

from the assignee in possession; and this is the very most which the evidence, admitted or offered, tended to prove that plaintiff had done; at least, until after the June rent was due, and fully earned. What was done after that cannot affect plaintiff's right to recover the rent for that month; but we may add that plaintiff's taking possession in July, and renting, or attempting to rent, the premises to another tenant after default in the covenants of the lease, and after Barge had vacated them, were things which, under the terms of the lease, plaintiff had a right to do, without working a forfeiture of the rents for the full term of the lease.

Counsel for respondent relies on some things said in *Bowen* v. *Haskell*, 53 Minn. 480, (55 N. W. 629,) which, if wrested from their context, might seem to imply that the mere consent of the lessor to an assignment of the lease releases the lessee, and terminates the relation of landlord and tenant between them. The most cursory examination of that case will show that nothing of the kind was decided, or intended to be decided. In that case there was an express finding, the correctness of which was not questioned, that plaintiffs accepted Chambers (the second assignee of the lease) as their tenant under the lease, in place of Haskell (the first assignee). Moreover, Haskell being himself merely an assignee of the lease, his liability was founded merely on privity of estate, and not, like that of the lessee, on privity of contract also, and hence terminated with his assignment to another.

The evidence was such that it would not have supported any other finding than that which the court made. Consequently, the order cannot be sustained, even under the rule of *Hicks* v. *Stone*, 13 Minn. 434 (Gil. 398).

The order granting a new trial is reversed, and the cause remanded, with directions to the court below to render judgment in favor of the plaintiff, in accordance with the findings of fact and conclusions of law.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 310.)