### LAWHEAD v. MONROE BLDG. CO.

### In re LAWHEAD.

(Circuit Court of Appeals, Sixth Circuit. August 3, 1918.)

#### No. 3123.

1. BANKRUPTCY ⬤➝446—MOOT QUESTION—ABANDONMENT OF PREMISES.

Where trustee in bankruptcy petitioned court to declare his title to bankrupt's lease valid and to quiet claim that such lease had been canceled, and court's decree directed surrender of the premises, abandonment thereof by trustee pending petition to revise did not make proceedings moot; such abandonment having been involuntary, and trustee being entitled to reobtain possession, should decree be reversed.

2. BANKRUPTCY ⬤➝465—PETITION TO REVISE—APPEAL.

Where parties agree that petition to revise is proper method of reviewing court's decree on trustee's petition to quiet title to lease, and it is immaterial to the result whether the matter is heard on petition to revise or on appeal, an appeal therefrom will be dismissed.

3. BANKRUPTCY ⬤➝288(1)—JURISDICTION OF COURT—PETITION TO DETERMINE ADVERSE CLAIMS TO LEASE.

Where trustee in bankruptcy had possession of the leasehold formerly held by bankrupt, bankruptcy court had summary jurisdiction, on petition of trustee, to determine if title to lease was in bankrupt estate or in adverse claimants.

4. LANDLORD AND TENANT ⬤➝109(4)—LEASE—TERMINATION—RELINQUISHMENT.

Statement by lessee's secretary to lessor's secretary that he was making assignment for benefit of creditors, and that he was done with the store and the business, does not constitute relinquishment of lease, but mere expression of desire to get rid of the obligation, and does not terminate lease, where secretary had no authority to surrender premises, and where surrender, if tendered, had not been accepted.

Appeal from and Petition to Revise Order of the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Petition by Frank Lawhead, trustee in bankruptcy, against the Monroe Building Company and others. From decree for respondents, petitioner appeals, and petitions to revise. Appeal dismissed; upon petition to revise, decree reversed, and cause remanded.

For opinion below, see 243 Fed. 459.

⬤➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Selling & Brand, of Detroit, Mich., for petitioner.

Welsh, De Foe & Kahn, of Detroit, Mich., Frank A. Stivers, of Ann Arbor, Mich., and Max Kahn, of Detroit, Mich., for respondents.

Before WARRINGTON, KNAPPEN, and MACK, Circuit Judges.

MACK, Circuit Judge. Plaintiff in error filed a petition on May 7, 1917, alleging that at the time of the filing of the petition in bankruptcy the bankrupt was the lessee of certain premises; that it had been in actual possession thereof until February 23, 1917, when under a creditor's execution the sheriff closed the store; that the bankrupt surrendered the keys to him, so as to preserve the goods therein; that thereupon the petition in bankruptcy was filed, a receiver appointed, and possession taken by him of all the property and the premises; that the receiver remained in sole possession until the qualification of petitioner as trustee, whereupon the property and keys were surrendered to him; that neither receiver nor trustee ever surrendered possession or the lease or the rights of the bankrupt and of the estate therein; that in due course a sale thereof was advertised for May 4, 1917; that two days prior thereto the lessor, Monroe Building Company, by Kolb, its secretary and treasurer, delivered a note to the receiver, claiming to be in possession of the store; that at the sale Hutchins, as agent of Hutchins & Co., announced that he held a lease from the Monroe Building Company, executed after the bankruptcy, and objected to the sale of the lease; that the sale was had after petitioner's election as trustee, under the terms that the trustee would defend the possession of the purchaser against the claims of the lessor, Hutchins, and Hutchins & Co., and, if unsuccessful, would repay to the purchaser, in full settlement, one-half of the difference between the highest amount bid for the stock and fixtures when offered separately and when sold jointly with the lease; that this difference, on the sale for $3,000 to one Hartle, amounted to $800; that the sale had been confirmed, but proper instruments conveying title had not yet been executed.

In view of alleged threatened ejectment proceedings as soon as the purchaser should take possession of the premises, petitioner prayed that the parties named be decreed to have no rights therein as against petitioner and the estate, that their claims that the original lease had been canceled or surrendered be quieted, that they be enjoined from interfering with the sale so made, and that the petitioner be decreed to have a valid title to the lease and for general relief. Respondents, appearing specially, alleged that they were adverse claimants, and denied the jurisdiction of the court, except in a plenary action, and then only with their consent.

The District Judge held that under the allegations, the court had jurisdiction, but that the exercise thereof depended upon the truth of the allegation as to the trustee's possession. In re Seger Bros. Co., 243 Fed. 459. On reference to a master, the facts thus held essential to the exercise of jurisdiction were found; but the master found as a conclusion of law that the lease had been surrendered by operation of law before the filing of the petition in bankruptcy, that likewise the rights thereunder had been repudiated and abandoned by the original lessee,

and had been lost by estoppel against him, and that the lease had been terminated by breach of covenant. Pursuant to request, the court, in overruling the trustee's exceptions to the report, made findings of fact in substance as follows:

The lease was executed June 21, 1915, for five years, at a monthly rental of $75. It provided for right of re-entry on default of covenant. On February 1, 1917, February rent became due. It was not paid on demand. On February 21, or 22, lessor's secretary met lessee's secretary and informed him that they "must have the rent." The secretary, who was also the general manager of the lessee, replied:

"I am making an assignment for the benefit of the creditors, and Mr. Meyers is to be the trustee. I am all through with the thing, and if you want the rent you will have to go and see him. I am all done with the store and the business; there are other businesses I can make more money at."

While the assignment was drafted, it was not perfected. February 27, 1917, between 10:30 and 11:30 a. m., petition in bankruptcy was filed. Between 12:30 and 1 p. m. lessors instituted summary proceedings to recover possession. In these proceedings, it specifically alleged that "Seger Bros. & Co., defendant, is the tenant and unlawfully withholds possession," and on the trial, March 12th, the lessor's secretary claimed rent for February and 12 days in March to be due, and secured judgment therefor, with order for restitution of possession.

A week before bankruptcy, the sheriff levied as alleged in the petition; while in possession, he refused to pay a demand for $80 monthly rent. The receiver's possession began March 1st. On March 23d, the lease to Hutchins & Co. was executed. Trustee's sale was made as alleged in the petition. No proceedings were taken to compel the receiver to elect to assume or reject the lease. No notice to quit was served on any one; there was no written surrender or cancellation of the lease. Neither sheriff nor receiver had knowledge of the restitution proceeding.

Subsequent to the sale, the trustee tendered rent, and has kept the tender good from month to month, and at the hearing, June 21, 1917, in addition, tendered the rent due February 1st.

The decree now before us for review ordered the trustee and Hartle to surrender and deliver up possession to Monroe Building Company, or Hutchins & Co., not later than September 20, 1917, and to pay rent at $75 a month from May 6, 1917, until such vacation; "that being the time the premises were wrongfully withheld."

[1] 1. Respondents have moved to dismiss these proceedings on the ground that that matter has become moot. This is based upon the allegation that on September 19, 1917, the purchaser voluntarily abandoned the lease and premises, taking with him so much of his stock of merchandise as he had not theretofore disposed of, that no legal proceedings had ever been commenced against the purchaser to recover possession of the premises, that no attempt to oust him had ever been made, and that respondents have been in peaceable possession of the premises since September 19, 1917. It is apparent, however, from the affidavits, that any relinquishment of possession by the purchaser was not voluntary, but was due to the terms of the decree, now before us

for review, under which, though not a party to the proceedings, he was ordered to surrender possession not later than September 20, 1917.

If, on the merits, the decree is found to be erroneous, and is reversed, nothing presented in the record, or on the motion, would clearly preclude the purchaser from reobtaining possession. Whether or not the indemnity agreement subjects the trustee to liability to the purchaser, under the circumstances under which he lost possession, need not be and, in the absence of the purchaser, will not be determined; the trustee clearly has an interest in securing a review of the decree, in view of the fact that, if possession was yielded thereunder, he might be subjected to such liability; until the question is determined, the estate cannot safely be closed. We hold, therefore, that the matter before us is not, as between the parties to this record, moot, and that the motion to dismiss must be denied.

[2] 2. The parties are agreed that petition to revise is the proper method of review. As it is immaterial to the result reached, we adopt this view, without expressing any opinion thereon. The appeal will therefore be dismissed.

3. On objection to the jurisdiction, the court properly directed that there be considered, first, the evidence bearing on that question, specifically, whether the allegations of the trustee's petition that the bankrupt had possession of the property, the leasehold, at the time the petition in bankruptcy was filed, and, if so, whether that possession had been acquired, and at the institution of instant proceedings was held by the trustee. The master's findings of fact do not appear in the record; his conclusion therefrom was that, under the opinion of the District Judge, the court had jurisdiction. The District Judge, who, in confirming and adopting the master's report, made findings of fact, found inter alia that the actual possession of the premises covered by the lease was "prior to and up to the aforesaid [trustee's] sale peaceably held by said sheriff, receiver and trustee, and after said sale such actual possession was transferred to and is now held by the * * * purchaser at said sale."

The trustee's petition alleged that the sale had been confirmed, that proper instruments conveying title had not yet been executed, and that the respondents threatened to eject the purchaser as soon as he should take possession. In the light of these allegations, of the opinion of the District Court as to the basis of jurisdiction, and of the conclusion of both master and court that the court had jurisdiction, the words "after said sale," in this finding of fact, necessarily mean, not immediately after and prior to the filing of the trustee's petition, but at some time after the sale subsequent to the filing of the petition. In other words, the finding is consistent with the view of the court that possession of the lease by the trustee at the time he filed his petition was essential to the summary jurisdiction of the bankruptcy court to prevent interference therewith and to determine any adverse claims thereto.

[3] Assuming for the purpose of this hearing that the respondents saved all exceptions to the conclusion as to jurisdiction, and that therefore the matter is properly before us, we concur in the views expressed by the District Judge, and in the conclusion based thereon, that the

bankruptcy court was vested with jurisdiction in the premises. Orinoco Iron Co. v. Metzel, 230 Fed. 40, 144 C. C. A. 338. It is unnecessary, therefore, to consider whether the trustee's agreement to reimburse the purchaser in case he lost possession through legal proceedings, coupled with possession by the purchaser, would have given the court jurisdiction, on petition of the trustee, to determine claims adverse to the purchaser in a proceeding in which the purchaser was not a party, but in the determination of which the trustee had an interest, or to determine whether, under the peculiar facts of this case, the District Court would have had jurisdiction to determine the controversy raised, even if the trustee in bankruptcy had before the actual filing of his petition below delivered to Hertle the possession of the premises held by the estate when bankruptcy occurred, and with the expectation of filing and prosecuting that petition.

4. The basis of the decree on the merits is not clear. If the court agreed with the master's conclusion of law that the leasehold interest had been lost by surrender or abandonment prior to bankruptcy, it would follow that the possession had been wrongfully withheld (though by his predecessor, the receiver) from that time and not only from May 6th, as recited in the decree.

[4] But we cannot agree that, on the facts found by the court, any surrender or abandonment took place. The secretary was not authorized to surrender or abandon the premises; the bankrupt's goods were there; his conversation with lessor's secretary evidences, at best, but a desire to get rid of the obligation, not a present relinquishment of a right essential to the protection of its goods located on the premises. Moreover, even if surrender had been tendered, it clearly was not accepted. The action in the state court, the claim made therein, and the judgment there obtained evidence beyond question that up to March 12th lessor deemed the lessee to be rightfully in possession, though subject to ouster for breach. Of course, this action, begun after the bankruptcy petition was filed, could not affect the estate, as the trustee's title to the lease vested as of February 27th; it evidences, however, none the less clearly, the lessor's then point of view.

The decree must be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.