## JACOB HILZINGER, JR. v. EDWARD NOVAK.[1]

October 7, 1927.

No. 26,219.

**Surrender of lease by operation of law.**

1. Surrender of a lease by operation of law rests on the doctrine of estoppel, and arises only where the parties have voluntarily placed themselves in a position incompatible with the continuance of that relation.

**Decision of trial court sustained.**

2. The conclusion of the trial court that there had been no surrender of the lease in question by either agreement or operation of law is justified by the evidence.

Landlord and Tenant, 35 C. J. p. 1086 n. 75; p. 1088 n. 4, 9, 10; p. 1089 n. 14, 15, 16; p. 1094 n. 93.

Action for damages in the district court for Ramsey county for breach of the covenants of a lease for the payment of rent. There were findings for the plaintiff, Orr, J., and defendant appealed from the judgment. Affirmed.

*Rosenthal & Danz,* for appellant.

*C. F. Ebert,* for respondent.

[1] Reported in 215 N. W. 515.

TAYLOR, C.

Plaintiff owned and operated a bowling alley on University avenue in the city of St. Paul. A room was partitioned off in one corner of the building for a cigar and confectionery stand. By written lease dated September 1, 1925, plaintiff rented this room to defendant for a term of one year, beginning on that date, for the sum of $780 payable monthly in advance at the rate of $65 per month. The lease contained a provision authorizing the lessor to re-enter in case of a default in any of the conditions to be performed by the lessee without such re-entry working a forfeiture of the rents, and a provision forbidding the assigning of the lease or the subletting of the premises without the written consent of the lessor. After the expiration of the term plaintiff brought this action alleging that the lease by its terms authorized him to re-enter for a breach of any of its conditions and to relet the premises for the benefit of defendant; and further alleging that defendant vacated the premises at the end of December, 1925, and failed to pay the rent accruing thereafter, and that plaintiff re-entered under the lease and relet the premises as defendant's agent, but was unable to obtain more than $310 for the use thereof during the remainder of the term. He asked judgment for the sum of $210, the amount by which the stipulated rental exceeded the amount which he had received.

[1] Defendant's answer admits the lease as set forth in the complaint, and alleges as a defense that defendant surrendered the premises to plaintiff prior to January 1, 1926, and that plaintiff accepted the surrender and took possession of the premises and has retained such possession to the exclusion of defendant ever since.

The court made findings in accordance with the contention of plaintiff and rendered judgment for the amount claimed. Defendant appealed from the judgment.

Defendant contends that the facts conclusively establish a surrender of the lease by operation of law.

In Rees v. Lowy, 57 Minn. 381, 59 N. W. 310, the court said:

"A surrender by operation of law can only be built up by invoking and relying on the doctrine of estoppel,—upon a condition

of facts, voluntarily assumed, incompatible with the existence of the relation of landlord and tenant between parties who have occupied that position." And the court added that nothing is better settled than that a surrender "is not to be implied from the mere facts that the lessor assented to the assignment of the lease, and accepted rent from the assignee."

The decisions to the effect that the lessee is not released from his contract by the fact that the lessor assents to a transfer of the lease and collects rent from the assignee are collected in a note found in Ann. Cas. 1916E, 788, et seq.

[2] Defendant occupied the premises during the months of September, October, November and December, 1925, and paid the rent for those months. He then sold his stock to E. N. Lutton and left the premises and Lutton took possession. Plaintiff was consulted concerning this transfer and consented to it, but testifies that he told defendant at the time that he would look to him for the rent under the lease. Defendant states that plaintiff made no such statement and that nothing was said between them concerning the lease or the rent for the remainder of the term. Neither defendant nor plaintiff said anything to Lutton concerning the lease. Defendant simply sold his stock and told Lutton the rent was $65 per month. While Lutton took possession with the knowledge and consent of both plaintiff and defendant, he did so without any agreement with either concerning the time or terms of his occupancy. He occupied the premises during the months of January and February, 1926, and paid the rent at the rate of $65 per month for those months. Having become dissatisfied with the business, he then sold the stock to A. A. Bernhardt, who took possession of the stand at the beginning of March. Bernhardt would pay only $30 per month for the stand, as the bowling season was nearly over and the bowling alley would soon be closed. Plaintiff assented to this transfer with the understanding that Bernhardt would pay $30 per month. Bernhardt paid at that rate during the remaining six months of the term although he closed the stand after the bowling alley closed.

Whether the lessor has accepted a surrender of the lease or estopped himself from denying such surrender is usually a question of fact to be determined by the triers of fact. Here the court could find that plaintiff assented to the transfer by defendant with the understanding that defendant remained liable for the rent; and the conclusion of the court that there had been no surrender of the lease by either agreement or operation of law cannot be disturbed.

In the course of his cross-examination Lutton stated that at the time he sold to Bernhardt another month's rent was due and he was ready to pay it. Defendant insists that the failure of plaintiff to collect from Lutton relieved him from liability. It is sufficient to say that no such question was presented by the answer.

Judgment affirmed.