## MARJORIE H. HAMILTON AND ANOTHER v. WARREN H. FREEMAN, INC. AND OTHERS.[1]

May 27, 1932.

No. 28,829.

[1]Reported in 242 N. W. 709.

W. H. Stewart, for appellants.

Atwood & Quinlivan, for respondents.

HILTON, J.

Defendants appeal from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

The plaintiffs, Marjorie H. Hamilton and Carl L. Hamilton, are wife and husband. Both live in St. Paul. Allan Atwood, a brother of Mrs. Hamilton, is an attorney living in St. Cloud and was her agent there for a limited purpose. She was the owner of a store building in St. Cloud which burned on January 1, 1927. After negotiations with the defendants she built a new building to meet their requirements and leased the same to them for a period of five years from July 1, 1927, for the purpose of having conducted therein a wholesale grocery and paper supply business and also as office and storeroom for an outdoor advertising concern.

The annual $1,500 rental for the building was to be paid in instalments of $125 in advance on or before the first day of each month at the office of Atwood and his partner at St. Cloud. The lease was in the usual form and among other things contained a provision prohibiting the assignment or subletting of the premises or any part thereof without the written consent of the lessor appearing on the back of the lease. Defendants took possession of the premises, and the stipulated rent was paid until the month of February, 1931. This action is to recover the rent for that month. The jury returned a verdict for one month's rent with interest thereon. No requests were made for instructions to the jury and no exceptions taken to the charge. We have examined it carefully and conclude that the assignments of error relative thereto are not well taken.

It is claimed here that the court erred: (a) In denying defendants' motion for judgment notwithstanding the verdict on the ground that the verdict was contrary to law; (b) in denying defend-

ants' motion for a new trial, the claim being that the verdict was not justified by the evidence; and (c) in denying defendants' motion for a directed verdict at the close of the case.

There was no assignment of the lease indorsed thereon and no written consent to an assignment, nor was there any written authorization of any kind made by plaintiffs. Plaintiffs proved the making of the lease, occupancy under it, and that the rent for February, 1931, had not been paid. The burden was then on the defendants to show some valid excuse for the failure to pay the February rent. This defendants concede. They contend however that there was a surrender of the lease by operation of law, precluding liability for rent after January, 1931.

The occupancy of a part of the building at first was by the Serve-U-Well Grocers, Inc. of which defendant Don A. Freeman was manager. Defendant Warren H. Freeman was engaged in the outdoor advertising business in the building and operated a corporation known as W. H. Freeman, Inc. In the fall of 1929 the Serve-U-Well Grocers, Inc. experienced financial difficulties. Don A. Freeman endeavored to interest a wholesale company to put capital into the business. This attempt was unsuccessful. On November 15, 1929, the United Serve-U-Well Wholesale Grocers, Inc. was organized by Don A. Freeman and continued to run the business and occupied the entire premises until December, 1930, the other Freeman concern having moved from the building. The rent was paid after the wholesale corporation took possession by Don A. Freeman, either by his own checks or by those of corporations in which he was interested. There was no attempted assignment, verbal or written, by any of the defendants, and no release of the lease, verbal or written, was given by plaintiffs or by anyone in their behalf.

Financial trouble developed with the wholesale company and resulted in the trusteeing of its assets, including about $20,000 worth of merchandise, by assignment to one Rogers of the Northwestern Jobbers Credit Bureau, in order that a liquidation might be had for the benefit of creditors. This was done with the approval and

consent of the defendants. The trustee authorized the payment of the rent for December, 1930. Defendant Don A. Freeman endeavored to purchase the merchandise from the trustee but was unsuccessful. Don A. Freeman had arranged for the assignment of the company's assets to the trustee and delivered the key of the premises to him.

About December 24, 1930, the trustee sold the assets to one Bloosten, who took possession thereof on January 9, 1931, when the rent for that month was in default and due from defendants. Bloosten paid the rent for that month to Atwood by a check payable to Mrs. Hamilton. No receipt was given therefor, but a notation was made on the check, "rent of building for January, 1931." The rent payment by Bloosten and an acceptance thereof by plaintiffs benefited defendants to the extent of $125 and was of no additional benefit to plaintiffs. There was no intention by either plaintiffs or Bloosten to make a lease of the premises to him.

It is apparently the main contention of the defendants that the acceptance of the one month's rent from Bloosten constituted a surrender of the lease by operation of law. That position is not well taken. Such a surrender can only be established by invoking and relying upon the doctrine of estoppel—upon a condition of facts, voluntarily assumed, incompatible with the existence of the relation of landlord and tenant between parties who have occupied that position. Rees v. Lowy, 57 Minn. 381, 59 N. W. 310; Hilzinger v. Novak, 172 Minn. 369, 215 N. W. 515.

If there was a surrender by plaintiffs it must have been through the agent Atwood. The evidence does not disclose any proof of an authorized agency to do anything but collect the rent and remit it to Mrs. Hamilton at St. Paul. Plaintiffs had no actual knowledge or notice of the various changes which had taken place by the operations of defendants. On the evidence the jury was justified in concluding that there was no authorization of a change in the conditions of the lease; that there had been no ratification by plaintiffs of any acts of Atwood other than the collecting of rent; that he never attempted or intended to do nor did any act amounting to a surrender of the lease. Under the circumstances as disclosed by the

record, including the exhibits, the acceptance of the Bloosten check by Mrs. Hamilton did not constitute a consent to or ratification of a release of defendants. Cases cited by defendants are not in point under the facts stated therein.

There is an absence of the elementary principles of the law of agency. To constitute a ratification of the unauthorized act of an agent (if there had been one here) the principal must have a knowledge of all material facts or intend to assume all liability for the act without such knowledge. Hunt v. Pitts Agric. Works, 69 Minn. 539, 72 N. W. 813.

Every act in connection with the transfer of the assets from the first corporation to the second, from it to the trustee, and by the latter to Bloosten was not only with the knowledge of defendants but resulted from their active participation therein. The merchandise assets were in the building all the time, with the knowledge and consent and to the interest of defendants, and so remained until Bloosten finally sold them to a third party in January, when they were removed from the building. Neither plaintiffs, nor their agent of limited authority, had anything to do with the use made of the building by the various occupants thereof—all of such use and occupancy was a direct result of defendants' actions.

The record fails to disclose any evidence requiring a holding that there was a surrender of the lease or any act of plaintiffs directly or indirectly which relieved defendants from liability for rent under the terms of the lease.

The order appealed from is affirmed.