## C. H. DONALDSON v. MONA MOTOR OIL COMPANY.[1]

December 1, 1933.

No. 29,713.

[1]Reported in 251 N. W. 272.

232

*Evans & Evans* and *George P. Gurley*, for appellant.

*Wright & Baldwin, George S. Wright, Addison G. Kistle, Paul E. Roadifer,* and *Robert L. Palmer,* for respondent.

*DEVANEY, Chief Justice.*

In 1929 plaintiff, the owner of certain oil service station, garage, and other properties, leased the same, together with tools and equipment situated thereon, to defendant, Mona Motor Oil Company, for a term of five years. In the lease it was provided that

"upon the termination of the tenancy the lessee agrees to deliver possession of said property to the lessor in as good condition as it now is, reasonable wear and tear, or injury not occasioned by its negligence excepted."

In 1932, after about three years of the five-year term had run, defendant became in default in rent payments, and, so plaintiff alleges, allowed the property to become in a state of disrepair. Accordingly, on August 26, 1932, plaintiff commenced an action against defendant seeking (1) to recover $420 rent due August 1, 1932, (2) to recover $3,000 for damage done to the leased property, and (3) to enjoin defendant from committing further damage. Pursuant thereto plaintiff caused a writ of attachment to issue under which the sheriff, by padlocking practically the entire premises, levied on defendant lessee's personal property such as gasolene, oil, tools, equipment, etc., then on the leased premises. Defendant thereupon vacated. A week later, September 2, 1932, plaintiff commenced the

present action seeking to recover $420 for rent due under the lease September 1, 1932. The first action, to which defendant has not to date filed an answer, was removed to the federal court, where the proceedings apparently have been stayed pending the outcome of the present action. Defendant contests liability in this second action on the ground that plaintiff, by commencing his first action, assumed a position inconsistent with the continued existence of the lease and so elected to terminate it. Defendant contends that since the lessee's agreement to return the property upon termination of the lease in as good repair as when received is a covenant giving rise to an action for damages only upon the termination of the lease and not before, plaintiff by a suit thereunder for damages elected to terminate the lease, and that, since defendant has acquiesced therein by removing itself from the premises, the lease is rescinded, abandoned, or surrendered by mutual consent of the parties. Plaintiff, on the other hand, contends that by suing for $3,000 for property damaged or not kept in repair he merely pursued a remedy which was not then open to him, and that his rights should not be prejudiced thereby. The case was tried before a jury, who found, under admittedly erroneous instructions, that plaintiff had evicted defendant from the premises either by his own acts or by the acts of the sheriff who padlocked the premises. The trial court denied plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial, and from that order this appeal is taken.

Two issues are presented:

(1) Did plaintiff, by commencing the first action, elect to terminate the lease so that he cannot now assert that it is in force?

(2) Did the acts of plaintiff and the sheriff constitute an eviction such as would relieve defendant from paying rent henceforth?

■ We are of the opinion that by his first suit plaintiff did not terminate the lease. Plaintiff could not, under the terms of the lease, terminate it at his option except upon defendant's failure to pay rent, and then only by giving defendant 30 days' written notice, which he did not here do. Therefore, under the facts of this case, the first suit can only be considered to be a termination of the lease

upon one of two theories, i. e. either it was an expression of intent on the plaintiff's part evidencing a desire to terminate the lease and was acquiesced in by defendant, or it worked an estoppel so that plaintiff cannot now be heard to say that the lease still is in force. As to the first possibility, the question is one of the intention of the plaintiff lessor. Admittedly if he did intend to terminate the lease and defendant acquiesced therein, the lease no longer would be in force. The parties to any contract may always rescind, surrender, or abandon the same by mutual consent. However, the intent necessary to rescind, abandon, or surrender is the same intent required originally to enter into a contract. 3 Williston, Contracts, p. 3144, § 1826. Here we do not think plaintiff ever intended to terminate the lease. He was ill-advised and acted hastily. The inadvertent bringing of this suit for $3,000 for property damage resulted. The next week he brought suit for rent subsequently due. Further, he did not give the 30-day written notice necessary by the terms of the lease to terminate it. His subjective intent was not such that we can say, even if defendant did acquiesce in the supposed termination, that plaintiff intended to make an offer to rescind the lease. The alacrity with which defendant moved to acquiesce in the assumed termination of the lease adds nothing to the facts. Restated, there was here no meeting of the minds such as is necessary to contract or to rescind a contract.

Since it is clear to us that plaintiff had no actual intent to terminate the lease, the only other basis upon which it can be contended that the commencing of the first action on August 26, 1932, prejudiced plaintiff's rights is that of an estoppel. If the commencement of this first action amounted to a representation of fact by plaintiff calculated to induce action on defendant's part and upon which defendant reasonably relied and acted to his detriment, there is an estoppel. That such is not the case here is obvious. There was no serious damage to defendant. It did not remove itself from the premises in reliance upon the assertion of the inconsistent position by plaintiff. Rather it appears that defendant was having a difficult time to meet the conditions of the lease respecting rent and was anxious to avoid the same. It now seizes upon this fact of the

first suit and attempts to magnify its importance. It follows therefore that plaintiff, by ill-advisedly and inadvertently bringing this first suit, did not effect a termination of the lease.

The question of whether or not plaintiff elected his remedies in commencing the first suit is disposed of by what has so far been said. If a remedy is in fact not available to a plaintiff, a mistaken effort made in good faith to obtain it is not a bar to a suit for a different remedy. Restatement, Contracts, § 383. Accord, see Geo. A. Hormel Co. v. First Nat. Bank, 171 Minn. 65, 212 N. W. 738, and cases there cited; First Nat. Bank v. Flynn, 190 Minn. 102, 250 N. W. 806. Here plaintiff had no right to sue for the alleged damage to property until the lease was terminated; and, since it had not been terminated at the time of the first suit, plaintiff merely attempted to pursue a remedy not open to him and so is not prejudiced thereby.

■ On the second issue, as to whether plaintiff by his own acts or by the acts of the sheriff actually reëntered upon or evicted defendant from the premises, there must be a new trial. If plaintiff actually reëntered upon the premises and ousted or evicted defendant, then of course defendant is not liable in this suit brought for rent subsequently accruing. While the jury found that defendant had been evicted, they so found under admittedly erroneous instructions which charged the jury that plaintiff was responsible for any orders given by the sheriff or anyone acting in his presence. Since a sheriff normally is not the agent of either party, but acts as an officer of the law, Hall v. Swensen, 65 Minn. 391, 67 N. W. 1024; Schroeder v. Lahrman, 28 Minn. 75, 9 N. W. 173, such instruction was error in the absence of a showing that plaintiff specifically had instructed the sheriff to do as he did or had otherwise made him his agent. There was some evidence, however, on which the jury might have found, under proper instructions, that plaintiff himself took a part in the levy of the attachment and actually requested a tenant of defendant to vacate.

In accordance herewith, we conclude that plaintiff was not barred by the first action from prosecuting the present suit, but that there

must be a new trial on the single issue of whether plaintiff actually evicted defendant from the premises.

Order reversed and new trial granted.