284

In re GUNDER.*

164 EAST 72ND STREET CORPORA-
TION v. GUNDER.

No. 5951.

Circuit Court of Appeals, Seventh Circuit.

Jan. 25, 1937.

See, also, 266 N.Y. 382, 195 N.E. 19; 242 App.Div. 602, 273 N.Y.S. 147; 246 App. Div. 139, 283 N.Y.S. 681.

Joseph Otis, of New York City, Samuel Feiwell, of South Bend, Ind., and Silas Strawn and Walter Wade, both of Chicago, Ill., for appellant.

Howard H. Gunder and William Voor, both of South Bend, Ind., and Julius Moses and Robert Bachrach, both of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellee, the debtor, filed her petition under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202), in the District Court on October 31, 1935, seeking composition or extension of her debts as provided in the act. The court approved the debtor's petition and authorized her, pending the first meeting of the creditors, to retain possession of her property wherever situate, subject to the control of the court. It entered an order restraining all persons from interfering with or in any manner disturbing any of the assets of or in the possession of the debtor and from bringing any action or executing any order against the debtor, except by permission of the court. It also stayed all actions pending against the debtor and enjoined all persons from prosecuting all legal proceedings against the debtor.

On the 19th day of November, 1935, appellant filed its motion with reference to the jurisdiction of the court, reciting that it was "appearing specially herein for the sole and exclusive purpose of objecting to the jurisdiction or power of this court to

*Writ of certiorari denied 57 S.Ct. 931, 81 L.Ed. ——.

make, or to proceed or to act under, the order issued by this court on October 31, 1935 and of dismissing said order and the petition upon which it was issued, upon the ground that said court had no jurisdiction or power to make said order." It then presented its contention that under a judgment of the courts of New York the possession of a certain co-operative apartment in New York had been awarded to appellant and that the debtor was then wrongfully retaining possession thereof. Appellant prayed that the court decree that it had no jurisdiction over the premises and no jurisdiction of the debtor's petition; and that the restraint contained in the order of October 31, 1935, be limited only to an action then pending in New York to recover rent.

Appellant prayed no affirmative relief, no permission to prosecute its proceedings as contemplated by the act. On the contrary, it so limited its appearance that no relief could properly have been sought. Appellee filed her answer, claiming that she was entitled to the apartment; that she was then, and had been for a number of years, in actual possession thereof under claim of ownership, and asserting that the court had jurisdiction of herself as a debtor and of all property of which she was in possession. Her answer contained a prayer for affirmative relief, in which she complained of various acts upon the part of appellant, by virtue of which, she contended, among other things, that the order of the New York court was null and void and that appellant was indebted to her in the sum of $45,275.

On the 27th day of April, 1936, the court entered an order that "hearing is had on the motion of 164 East 72nd Street Corporation, which motion is denied by the court, to which ruling of the court the said corporation at the time excepts, and said corporation is ruled to answer the cross petition on or before June 1, 1936." The court made no finding as to the merits of the controversy.

From this order appellant appeals, contending that the court had no jurisdiction over the property involved, for the reason that by virtue of the proceedings in the New York court, it was entitled to possession thereof. Appellee contends that there has been no hearing upon the merits; that the District Court has merely overruled the objections to its jurisdiction contained in the motion filed upon the limited and special appearance of appellant for a decree adjudging that the court had no jurisdiction over the apartment; that the court has merely held that is has jurisdiction; and that hearing upon the merits remains for the future.

Under section 74 of the bankruptcy statutes, the filing of the debtor's petition subjected the debtor and her property wherever located to the exclusive jurisdiction of the bankruptcy court. The congressional policy of this provision is in accord with that previously abiding in the administration of estates under the general Bankruptcy Act. Under the constitutional bankruptcy power, when so directed by Congress, the court not only has the power but is under the duty to exercise jurisdiction over the estates of insolvents. It follows, as has long been decided, that a court of bankruptcy, taking jurisdiction of insolvent estates and thus coming into possession and custody of the res, may draw unto itself the determination of all controversies relating to any part thereof.[1]

[2,3] This includes the power to determine the right to possession of leased premises in the possession of the bankrupt. Lawhead v. Monroe Bldg. Co., 252 F. 758 (C.C. A.6).

If an adverse claimant is in possession of the property which the bankrupt claims and make a bona fide claim of title, jurisdiction over such property does not pass to the bankruptcy court, In re Rochford, 124 F. 182 (C.C.A.8); In re Andre, 135 F. 736 (C.C.A.2), except that it may determine whether the claim made by the adverse claimant is merely colorable or one made in good faith.

---

[1] Whitney v. Wenman, 198 U.S. 539, 553, 25 S.Ct. 778, 49 L.Ed. 1157; First Nat. Bank of Chicago v. Chicago Title & Trust Co., 198 U.S. 280, 25 S.Ct. 693, 49 L.Ed. 1051; O' ll v. Boyden, 150 F. 731, 10 Ann.Cas. 289 (C.C.A. 6); In re Baudouine, 101 F. 574 (C.C.A. 2); In re Lemmon & Gale Co., 112 F. 296 (C.C.A. 6); Cleminshaw v. International Shirt & Collar Co., 165 F. 797 (D.C.N.Y.); Galbraith v. Grocery Co., 216 F. 842 (C.C. A. 8); In re Hollingsworth & Whitney Co., Petitioners, 242 F. 753 (C.C.A. 1); In re Victor, 246 F. 727 (D.C.Ga.); In re Marquette, Jr., Inc., 254 F. 419 (C. C.A. 2); In re Rathman, 183 F. 913 (C. C.A. 8); Mound Mines Co. v. Hawthorne, 173 F. 882 (C.C.A. 8); In re McMahon, 147 F. 684 (C.C.A. 6); In re Noel, 137 F. 694 (D.C.Md.).

286

■ Consequently, the District Court, in the exercise of its bankruptcy jurisdiction, may enter such restraining orders as will afford fair opportunities to work out reorganization or extension as contemplated by the act and to make reasonably sure that third persons will not take from the court possession of property before it is determined that such property belongs to such persons. Credit Alliance Corporation v. Atlantic, Pacific & Gulf R. Co., 77 F.(2d) 595 (C.C.A.8); Collins v. Welsh (C.C.A.) 75 F.(2d) 894, 99 A.L.R. 1319.

■ So, here, the court properly found that it had jurisdiction of the debtor and her property. It being admitted that she was in actual possession of the apartment in question, it followed that the objections to the jurisdiction of the court over such property were not sound, but, on the contrary, that the court did have jurisdiction and, in order to protect the custody of the estate, the power and duty to enjoin other persons from interfering with such custody. Consequently, the limited and special motion of appellant, asking the court to declare that it had no jurisdiction over the property and asserting that it had none, was properly denied.

■ But it is said by appellant that the order impliedly decided the merits of the controversy between the parties. We do not so interpret it. There are no findings as to the merits. There is no statement of the court, expressed or implied, that indicates that at any time it gave any consideration to the merits. Rather it said, in effect, by the order, "I find that I have jurisdiction of the petition of the debtor; that she is in possession of this apartment and that, therefore, I have jurisdiction of the property and the power and the duty to determine controversies with respect thereto. Therefore, the motion to dismiss for want of jurisdiction must be denied." The court thereupon entered an order upon appellant to answer the prayer for affirmative relief contained in appellee's answer to the original motion. The order was a preliminary administrative one, merely finding that there was jurisdiction over the property and power to determine all controversies with reference thereto. By its ruling, it indicated that such determination would be made thereafter upon final hearing.

The position of appellant in this respect is inconsistent. It entered a limited appearance, challenging the jurisdiction of the bankruptcy court. Upon such a pleading it could have had no affirmative relief. It did not invoke jurisdiction of the court to grant such relief. Rather, it challenged, expressly denied such jurisdiction. Before it could obtain rightfully possession of the property; before it could obtain relief in the District Court, vested with jurisdiction over the property, it was necessary for it to assert and prove its right in the debtor's proceedings. Credit Alliance Corporation v. Atlantic, Pacific & Gulf Refining Co., supra; Collins v. Welsh, supra. By such affirmative pleading and a hearing on the merits only could its rights be determined. The only other proper practice would have been for the court to enter a show-cause order upon appellant requiring it to file its affirmative pleading with respect to any interest that it might claim to any property in the possession of the debtor. The language of Collins v. Welsh, 75 F.(2d) 894, 897, 99 A.L.R. 1319 (C.C.A. 9), certiorari denied 295 U.S. 762, 55 S. Ct. 921, 79 L.Ed. 1704, is peculiarly applicable. There the court said:

"Our decision that section 74 of the Bankruptcy Act is constitutional and gives jurisdiction to the bankruptcy court to deal with the property of the debtor disposes of the second contention of the appellant that the rights acquired by his judgment are property rights which cannot be taken without due process of law. That such rights are property rights is unquestioned. That they cannot be taken without due process of law is equally well settled. The Congress has power to vest in the District Court the administration of debtors' property. The District Court has assumed that power, but has not yet exercised it. The question of how that court shall deal with the property and what shall be done by it is not involved in this appeal, which was taken from a preliminary order assuming jurisdiction and not from a decision attempting to deal with the rights of the parties."

The only question involved in the limited motion of appellant was whether the court had jurisdiction to stay all proceedings against and interference with the custody of property, the possession of which was in the debtor. Clearly it had such jurisdiction, and so held; such is the only legal effect of the order entered.

The merits are not before us. They are as yet to be determined upon full and

complete hearing by the District Court. There can be no prejudgment. The order of the District Court is affirmed.