JOHN C. HILDEBRANDT v. L. L. NEWELL.[1]

February 26, 1937.

No. 31,071.

[1]Reported in 272 N. W. 257.

*Richard Converse,* for appellant.
*Kelehan & Dady,* for respondent.

PETERSON, JUSTICE.

Appeal by defendant from a judgment, after verdict, in favor of plaintiff for $386.70, for rent of a lower duplex, under a lease as extended by the parties. The lease was for a term of one year from September 1, 1932, at a rental of $60 per month, payable in advance on the first day of each month. It contained a clause as follows:

"Lessee further agree to give Lessor written notice thirty days before the expiration of this lease of his intention to vacate at the end of this lease, otherwise Lessor will have option of continuing this lease for .......... from such expiration without notice to Lessee."

Defendant, with his family, occupied the premises from September 1, 1932, until he left on November 22, 1933. Thereafter defendant's wife, with their daughter part of the time, continued to occupy the premises until August 1, 1934. Defendant did not give plaintiff any notice prior to the expiration of the lease of his intention to vacate, but held over and paid the rent for September, October, November, and December, 1933.

The holding over was pursuant to express contract with the owner, within the meaning of 2 Mason Minn. St. 1927, § 8193, so that the resulting tenancy is not one for the shortest interval between the times of payment of rent under the terms of the expired

lease. Smith v. Bell, 44 Minn. 524, 47 N. W. 263. A holding over pursuant to the express terms of a written lease works a renewal of the lease for another term. Trainor v. Schutz, 98 Minn. 213, 107 N. W. 812; Kean v. Story & Clark Piano Co. 121 Minn. 198, 140 N. W. 1031. The lease as extended is regarded as continuing from the very beginning of the original lease. Quade v. Fitzloff, 93 Minn. 115, 100 N. W. 660; Kean v. Story & Clark Piano Co. 121 Minn. 198, 140 N. W. 1031. In the extension clause (set out above) the period for which the lease may be continued was left blank, and hence the period of the extension was not expressly stated. All the terms of the original lease apply and will be included in the new lease as renewed or extended, with the exception of the clause in regard to a renewal or extension. Kean v. Story & Clark Piano Co. 121 Minn. 198, 200, 140 N. W. 1031. By the extension of the lease the defendant as lessee became obligated to pay to the plaintiff as lessor a full year's rent for the leased premises.

■ It is claimed that the lease was terminated by agreement of the parties. Defendant insists that the evidence shows a surrender of the premises by him and an acceptance of them by plaintiff, resulting in a termination of the lease and all liability thereunder as a matter of law. In this respect he claims that the evidence shows that his wife took the December, 1933, rent to plaintiff; told him that she and defendant were having domestic trouble; that they had separated; that she could pay only $35 per month rent; that she threatened to move from the premises if the offer of $35 per month was not accepted; and that she served a notice to terminate the lease. Plaintiff admits that defendant's wife brought the December rent to him; that she stated she and defendant were having domestic trouble; that he did not know that defendant and his wife had separated and was not so advised by either the defendant or his wife; that defendant's wife told plaintiff that she could pay only $35 per month until the domestic matters were "straightened out"; that she would have to vacate the premises unless he would let her stay on those terms during that time; and that he called her attention to the fact that he had a written lease with defendant but

that he would let her stay until the matter was straightened out, or until spring, if the $35 per month was paid. He denied having received the written notice. The wife referred to the written notice as "my notice" to quit.

A surrender by agreement of leased premises can result only from an agreement, express or implied, between the lessor and lessee that the lessee surrender and the lessor accept the same. 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5407; Nelson v. Thompson, 23 Minn. 508; Dayton v. Craik, 26 Minn. 133, 1 N. W. 813; Trimble v. Lake Superior & Puget Sound Co. 99 Minn. 11, 108 N. W. 867; Donaldson v. Mona Motor Oil Co. 190 Minn. 231, 251 N. W. 272. There was no surrender of the premises by agreement. Plaintiff denies any agreement at all. Defendant admits that he did not make such an agreement himself with plaintiff; and if he did not act himself his contract could be made only by one acting as his agent. There was no proof that the wife was the agent of the husband. Defendant's wife was the only witness who testified in respect to this matter, and she testified that in everything she did she was acting entirely for herself and not for her husband. The marital relation alone did not constitute the wife the agent of the husband to surrender the lease and make a new one for him. He may appoint the wife his agent. That the wife was defendant's agent must be proved to make the contract that of the husband, the same as though the marital relation did not exist. Bergh v. Warner, 47 Minn. 250, 50 N. W. 77, 28 A. S. R. 362; 13 R. C. L. p. 1177, § 206. Lacking proof of such agency, it is not shown that defendant agreed to surrender. Lawhead v. Monroe Bldg. Co. (C. C. A.) 252 F. 758 (holding that there was no surrender of premises by the act of the secretary of defendant corporation who had no power to surrender); Dodd v. Acklom, 6 Man. & G. 672, 46 E. C. L. 672, 134 Reprint 1063 (holding that where it is claimed a surrender of premises had been made by the wife, her agency to act for the husband must be made to appear).

■ Defendant asserts that a surrender resulted by operation of law because plaintiff and defendant's wife entered into a new lease. This is said to result from the arrangement whereby the wife was

to pay $35 per month until the domestic affairs of defendant and his wife were adjusted, or until spring. The testimony is that there was no new lease and that the matter was not mentioned. A surrender by operation of law takes place, as between lessor and lessee, where the lessor has been a party to some act, the validity of which he is by law afterwards estopped from disputing because it is incompatible with the continued existence of the relation of landlord and tenant. 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5407. Permitting the lessee's occupant to remain in possession of the premises is not incompatible with the existence of the lease. 16 R. C. L. p. 1155, § 676. The wife was in possession of the premises as defendant's occupant, pursuant to his rights under the lease. Her occupation of the premises was not inconsistent with defendant's lease.

Receipt of part of the rent from an occupant under the lessee does not alone establish a surrender of the lease by operation of law. Rees v. Lowy, 57 Minn. 381, 59 N. W. 310; Hilzinger, Jr. v. Novak, 172 Minn. 369, 370-371, 215 N. W. 515; Hamilton v. Freeman, Inc. 186 Minn. 220, 242 N. W. 709; note, Ann. Cas. 1916E, 788.

Plaintiff indicated that he intended to hold defendant to his lease. The arrangement to accept part of the rent from the wife during the time stated amounted to no more than a waiver for the time being of payment in full of the rent and an extension of credit for unpaid rent, for which plaintiff intended to hold the husband under his lease.

■ It is insisted that if there were not a termination of the lease by agreement, and a new lease entered into between plaintiff and defendant's wife, a modification of the lease took place by reason of the arrangement to which we have referred. A modification of a lease can result only from an agreement between the parties. 16 R. C. L. pp. 1155-1157, § 677; Bedford v. Terhune, 30 N. Y. 453, 86 Am. D. 394. If a modification of the lease, reducing future rent, had been entered into between plaintiff and defendant, it would have been legal and binding upon them. 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5409; Ten Eyck v. Sleeper, 65 Minn.

413, 67 N. W. 1026; C. S. Brackett Co. v. Lofgren, 140 Minn. 52, 167 N. W. 274, L. R. A. 1918F, 998; Wm. Lindeke Land Co. v. Kalman, 190 Minn. 601, 252 N. W. 650, 93 A. L. R. 1393. But, as already pointed out, there was no agreement between plaintiff and defendant.

■ There is some claim that defendant entirely abandoned the premises. There was evidence that the wife occupied the same by consent of the defendant and that the defendant left a portion of his goods on the premises until the full term of the lease had expired. These facts negative an abandonment of the premises. 35 C. J. p. 1090, § 275.

■ Error is assigned in excluding evidence tending to show that plaintiff sued defendant in a previous action to recover $105 upon the theory of the husband's common-law liability to provide necessaries for the wife; that the action was not based upon, and was inconsistent with, the existence of the written lease, and that such conduct was consistent with the contention made in this case, that there was a surrender of the lease. The point would be well taken if there were any evidence to show that defendant surrendered or attempted to surrender the premises to plaintiff and that plaintiff had accepted them, or that the lease had been modified. But the evidence does not show, nor tend to show, either to be the fact. The admitted facts show the continued existence of the lease, and the uncontradicted testimony shows that the parties did not intend to abandon the same. Upon that record it was entirely immaterial that defendant misconceived his rights and brought a previous action upon an erroneous theory. Donaldson v. Mona Motor Oil Co. 190 Minn. 231, 234, 251 N. W. 272. We find no error.

The judgment and verdict are sustained by the evidence.

Affirmed.

Mr. Chief Justice Gallagher, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.