## JOSEPH v. ROWELL et al.
### No. 9302.

Circuit Court of Appeals, Ninth Circuit.
Dec. 21, 1939.

Vincent W. Hallinan and Carey Van Fleet, both of San Francisco, Cal., for appellant.

Milo E. Rowell, of Fresno, Cal., for appellee Milo L. Rowell.

H. E. Barbour, of Fresno, Cal., for appellee George Hall.

Frank C. Lerrigo, of Fresno, Cal., for appellees H. D. Johnston and others.

W. O. Watters and Bert M. Green, both of Fresno, Cal., for. appellees McDowell and others.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant brought an action in the United States District Court for the Southern District of California, Northern Division, "to determine adverse claims to real and personal property.", in Fresno County, California, described in the complaint. He alleged ownership of the property. He named as two of the defendants a referee and trustee in bankruptcy alleging that they claimed an interest in the property under an adjudication and sale in bankruptcy to E. M. Jones, one of the defendants in the action. He alleged that the sale was void because it deprived appellant of his property without due process of law; that the cause of action arose under and the federal jurisdiction was founded upon §§ 201 and 202, U.S.C. Title 11, 11 U.S.C.A. §§ 201, 202. In a bill of particulars, the appellant stated that the sale of his property in the bankruptcy proceeding was void because the adjudication of bankruptcy was made without hearing and by the referee in bankruptcy instead of by the court and also because the order for and confirmation of the sale was made by the referee and not by the court. It is stated in the bill of particulars that the bankruptcy proceeding is still pending for the reason that the alleged sale has not been completed and therefore the referee and trustee in bankruptcy still claim custody of the property.

Appellant consented to the dismissal of the action as to the defendants who purchased the property in the bankruptcy proceedings, and certain other defendants. The remaining defendants, appellees herein, filed motions to dismiss the action for lack of jurisdiction. The motions were granted and appellant has filed notice of appeal from the order of the lower court dismissing the action.

The appellees have moved to affirm the order of the lower court dismissing the action upon the ground that "it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument."

It is apparent from the complaint and bill of particulars that a petition has been filed

by the appellant as debtor in the United States District Court for the Southern District of California, Northern Division, under 11 U.S.C.A. §§ 201 and 202, providing for the relief of debtors by composition and extension of their debts. The act provides that the filing of a debtor's petition seeking relief under the act "shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition" is filed. 11 U.S.C.A. § 202, sub. m. See In re Gunder, 7 Cir., 88 F.2d 284. The fact that the referee in the bankruptcy proceedings may have exceeded his authority in making the orders complained of in the complaint (a question we do not pass upon) could not oust the bankruptcy court of its exclusive jurisdiction over the debtor's property. The appellant having surrendered his property to the bankruptcy court, which thereby acquired exclusive jurisdiction over the property, cannot assert ownership thereof, as against the officers of the court, or those purporting to act as such, in any other court.

The motion to affirm is granted and the order of the District Court dismissing the complaint is affirmed.