**Roger BENASUTTI, et al., Respondents,**

v.

**COAST–TO–COAST (CENTRAL ORGANIZATION), INC., et al., Appellants.**

**No. C2–86–711.**

Court of Appeals of Minnesota.

Sept. 2, 1986.

Arthur W. Cheney, St. Paul, for respondents.

Eric J. Magnuson, Scott K. Goldsmith, Rider, Bennett, Egan & Arundel, Minneapolis, for appellants.

Heard, considered, and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

The question presented to the trial court was whether a commercial lease had been terminated several years earlier. The parties waived trial, agreed that the entire matter should be decided on the basis of cross-motions for summary judgment as there were no disputed facts, and submitted the case to the court based upon written memoranda. The trial court concluded that the lease had been terminated in 1982 and that the parties were currently operating under an oral month-to-month lease. We affirm.

## FACTS

In April 1978, respondents' predecessors in interest leased a portion of a shopping center to Coast-to-Coast for operation of a retail store. The lease was a ten-year lease with two optional five-year extensions. Coast-to-Coast assigned the lease to its franchisee, Minnesota Progressive Investments, Inc. (MPI), in February 1979. Respondents Roger and Betty Benasutti subsequently purchased the shopping center from the original lessor in 1981 and obtained an assignment of the lessor's interest in the lease.

On September 1, 1982, MPI did not pay the rent, abandoned the premises, and ceased operating the store. The lessors gave both MPI and Coast-to-Coast written notice of MPI's default in payment of rent and also gave notice to Coast-to-Coast that MPI had ceased operating the store. In the event of a default by a franchisee or the cessation of operation of the store, the lease gave Coast-to-Coast the right to assume the lease by written notice to the lessor within 60 days of default (assuming the tenant did not cure the default within 30 days) or within 60 days after the tenant ceased operating the store. MPI did not cure the default and has never resumed possession of the premises.

On October 18, 1982, Coast-to-Coast sent a letter to the lessors stating that it was

**697**

taking possession of the premises and store assets pursuant to its security agreement with MPI. The letter stated that Coast-to-Coast would pay rent from the day it took possession (October 15) and continuing until it disposed of the assets, at which time it would vacate the premises. The letter additionally stated unequivocally that Coast-to-Coast was not assuming the lease and would not be responsible for payment of the prior unpaid rent.

The lessors accepted monthly rent from Coast-to-Coast. No attempts were made to collect the unpaid rent from Coast-to-Coast. On January 5, 1983, MPI assigned the lease back to Coast-to-Coast. In May of 1984, Coast-to-Coast assigned the lease and transferred possession to Douglas and Barbara Warner, its new franchisees. Shortly after the Warners took possession, the lessors advised Coast-to-Coast and the Warners that they wanted a new long-term lease. In June of 1984, Coast-to-Coast for the first time notified the lessors of its assignment of the lease from MPI. Coast-to-Coast then admitted that it owed the unpaid rent of MPI and requested a statement. No statement was provided.

The lessors then brought this action seeking a declaration that the original lease had terminated and that the purported assignment in January 1983 from MPI was ineffective.

## ISSUE

Was the original lease terminated in 1982?

## ANALYSIS

Where the critical evidence in a case is documentary, the reviewing court need not defer to the trial court's findings upon such evidence. *In re Great Northern Iron Ore Properties*, 308 Minn. 221, 225–26, 243 N.W.2d 302, 305 (1976).

A lease may be terminated where the lessee surrenders the premises and the lessor accepts that surrender. *See Markoe v. Naiditch & Sons*, 303 Minn. 6, 7, 226 N.W.2d 289, 290 (1975). The intent necessary to rescind or terminate a lease is the same intent required to enter into one. *Donaldson v. Mona Motor Oil Co.*, 190 Minn. 231, 234, 251 N.W. 272, 273 (1933). There must be an agreement between lessor and lessee that the lessee surrenders the leased premises and the lessor accepts such surrender. *Hildebrandt v. Newell*, 199 Minn. 319, 322, 272 N.W. 257, 258 (1937). Such an agreement can be either express or implied. *Id.* As to an implied agreement to terminate, the supreme court has stated:

> [A lease] may be thus terminated when the landlord voluntarily assumes a position incompatible with the existence of the relationship of landlord and tenant as between said landlord and the original lessee. Thus, if a landlord accepts a third party as a tenant in place of a prior lessee, in effect this constitutes an acceptance of the surrender of the leased property and a consequent termination of the prior lease by operation of law.

*Bowman v. Plumb*, 220 Minn. 547, 550, 20 N.W.2d 493, 494–95 (1945).

Here, MPI quit paying rent and surrendered the premises on September 1, 1982. Coast-to-Coast took possession approximately six weeks later, well within the 60-day period which it had to assume the lease. At the time it took possession, Coast-to-Coast sent to the lessors the letter stating that it was "not assuming the lease for the remainder of the lease term." Coast-to-Coast also stated that it would pay rent to the lessor commencing on the date it took possession (October 15) and continuing until it disposed of the assets, at which time it would vacate the premises. The lessor then began accepting rent from Coast-to-Coast.

Under these facts, we can only conclude that there was an implied agreement between lessor and lessee to terminate the lease. MPI surrendered the premises and the lessors accepted that surrender by accepting Coast-to-Coast as a new tenant in place of MPI. Such actions terminated the lease by operation of law.

Coast-to-Coast contends, however, that a tenant's right of redemption under Minn.Stat. § 504.02 (1984) precludes termination where the lessor has not reentered the premises. Coast-to-Coast claims that it gained MPI's redemption rights by virtue of the January 1983 assignment from MPI.

However, the redemption rights created by section 504.02 were not intended to cover the situation where the lessee has voluntarily surrendered the premises. Redemption rights were created to aid a lessee who desires to remain in possession of the premises. Since MPI voluntarily surrendered the leased premises, section 504.02 is not applicable.

Coast-to-Coast also contends that whether the lessor accepted MPI's surrender is a question of fact, and thus summary judgment was inappropriate. This argument is rather disingenuous, however, where Coast-to-Coast stated in a letter to the trial court that there were no issues of fact and agreed that the matter should be resolved through cross-motions for summary judgment.

## DECISION

The trial court is affirmed.